JOHN EMERSON *v.* GEORGE WILSON.

A justice of the peace cannot permit an amendment which changes the parties and the cause of action.

And when such amendment was made by order of a justice, and the cause appealed to the county court, that court were right in dismissing the action on motion of the defendant

A SUIT was commenced before a justice of the peace, in assumpsit, in the name of " Emerson & Godfrey," as partners in trade. The names of the parties, composing the firm, were not given except as above stated. The declaration was upon a note payable to " Emerson & Godfrey in Co." The writ and declaration, on motion, were amended by order of the justice, by inserting "John," as the christian name of said Emerson, striking out the name of Godfrey, and otherwise altering the declaration, so as to count on a note payable to John Emerson alone. On the writ and declaration, thus amended, judgment was rendered by the justice in favor of said Emerson against the defendant, from which judgment the defendant appealed to the county court, where, on his motion, the cause was dismissed.

The plaintiff excepted.

*R. M. Field,* for plaintiff.

I. If the amendment were improper, the county court could do no more than restore the suit to its former state. 1 Aik. R. 84.

II. The amendment was within the power of the court.

Courts are empowered to "amend *any defect in the process or pleadings.*" Stat. 73.

The amendment consists of two branches. 1. Supplying christian names. 2. Striking out a party joined by mistake. And,

1. As to supplying christian names.

In *Rutherford* v. *Mein,* 2 Smith's R. 392, defendant's christain name was omitted and permitted to be inserted.— This was done on the authority of stronger cases, where a right name was inserted in lieu of a wrong one ; as

In *Stevenson* v. *Danvers,* 2 B. & P. Rep. 109. *Carr* v. *Shaw,* 7 T. R. 295. *Tabrum* v. *Tenant,* 1 B. & P. Rep. 481. *Barnard* v. *Guy,* 2 Smith's R. 259.

See also 3 M. & S. Rep. 450. 7 T. R. 698. 3 Anst.

935. 3 Wils. R. 49. 1 B. & P. Rep. 31. 4 Moore's R. 65. 1 Bing. R. 206. 4 Taunton's R. 875. 4 Taunt. R. 322.

2. As to striking out the plaintiff's name, joined by mistake.

In ordinary process it has been done. 1 Chit. Pl. 14, note (a) 5th ed. 3 Chit. Prac. 200.

In *Rafael* v. *Verelst*, 2 Bl. R. 1067, 2 Strange's R. 892, and in Cowper's R. 425, writs of error were amended by striking out a co-plaintiff, on the particular phraseology of the statute of George I. which, in this respect, is just like our statute of amendments.

*O. Hutchinson*, for defendant.

" An amendment cannot be permitted, which changes the form of action or introduces a new count for a new cause of action, not contained in the original declaration." *Carpenter* v. *Gookin*, 2 Vt. R. 495. *Wright* v. *Brownell*, 3 do. 435. *Bucklin* v. *Ward*, 7. do. 195.

The amendments, ordered by the justice, not only introduced a new count for a new cause of action, but introduced a new cause of action in favor of a stranger to the record.

WILLIAMS, Ch. J.—It is first objected that the proceedings of the county court, in dismissing the action, were erroneous, and that, if the amendment was improper, they could do no more than restore the suit to its former state, and the case of *Baker* v. *Ripley*, 1 Aik. R. 84, is relied on. It is doubtless true, that, in general, when an amendment has been improperly made by an inferior court, and that is disallowed or set aside, the case stands as though never amended, and this rule would apply to all amended declarations. If the amended declaration is rejected, the original one stands.— In the present case, the only judgment, which the county court could render, was to dismiss. If Godfrey was ever a party, he ceased to be such when the amendment was made, and could not, by the county court, be brought back to the suit. The appeal was taken from a judgment rendered in favor of Emerson against the present defendant, on a note made payable to him. The defendant could not, in the county court, be compelled to answer to a suit on a different cause of action, to different parties, and if Emerson was, in

point of fact, the sole party, he could not proceed with a suit declaring òn a contract with another and different party.

The question then arises, whether the amendment, allowed in this case by the magistrate, was one which could be made according to established principles.

Amendments are usually within the discretion of the court, and the granting or refusing them cannot be questioned in any other tribunal. But when an amendment is made and the court had *no* power to grant it, the party affected may be entitled to relief. And although the improper exercise of a discretionary power may be without remedy, the exercise of a power where there is and can be no such discretion, is erroneous. Thus, allowing an amendment which changes entirely the form of action, and introduces a new count for a new cause of action, not contained in the original declaration, has been adjudged to be such an error that the judgment of the court, making the amendment, was reversed.— *Carpenter* v. *Gookin*, 2. Vt. R. 495. An amendment, essentially changing the parties, would be liable to the same objection, if the change of parties would have the effect to introduce a new cause of action, not contained in the original declaration. The amendment here allowed was of this character. It changed the parties. John Emerson might or might not have been of the firm of Emerson & Godfrey, and if he was, a suit in the name of one of the members of a firm, or for a cause of action accruing to him alone, is entirely different from a suit in the name of the firm. A note, payable to John Emerson, would not support a count on a note payable to Emerson & Godfrey. The authorities, which have been relied on in support of the amendment, we think, do not warrant the proceedings of the justice. A writ of error has been amended in England, by changing the parties, to make it conformable to the original record. The statute of 5 Geo. 1, c.13. permits an amendment to be made where there is a variance from the original record, and when the record is sent up to the court of error, that court, having it before them, are required to make such amendments as will make the writ conformable to the record. This was the true ground on which the amendment was allowed in the case in Cowper's R. 425, although it was said the statute was sufficiently broad to have allowed the amendment on another ground. A new count

may be added in England, and the name of the defendant may be altered. The courts have gone great lengths in amending the capias, and the reason given for it is, that it never appears on record. 1 Bos. & Pul. R. 342. In the case of *Tabrum* v. *Tenant* id. 481, the consent of the defendant was required to an amendment of the capias by inserting the name of Lightfoot as a plaintiff, and the reason was, that the defendant would be in no worse situation than he then was. The plaintiff might declare against him at the suit of Tabrum, and immediately after file a declaration, by-the-by, at the suit of Tabrum & Lighfoot. When a defendant is arrested on the capias, in the courts in England, he is considered as in custody, and the plaintiff must file a declaration in chief, that is, for the cause for which the writ was prayed out, and may then file a declaration *by-the-by*, as it is termed, for a different cause of action, and I can see no good reason why, under this practice, the amendment should not have been allowed, without the consent of the defendant. . But when the writ and declaration go out together, as they do in this state, the party should be confined to the cause of action contained in his declaration, and should not be permitted, by an amendment, to introduce new parties, or a new cause of action.— We are satisfied that the magistrate permitted an amendment which was not authorized by law. The declaration and cause of action could not be restored in the county court to what it was before the amendment, and the judgment of the county court, dismissing the action, must be affirmed.