Elliott *v.* Clark.

## Elliott *v.* Clark.

An amendment of the name of the plaintiff is admissible, where it merely cures a mistake in the name of the party prosecuting the suit, but is inadmissible if it introduces a different party.

Motion to amend. The writ was sued out in the name of Lafayette Elliott, as plaintiff. The plaintiff's counsel moved to amend, by striking out the christian name, "Lafayette," and inserting, instead thereof, Benjamin F.

To this the defendant objected, on the ground that it was not an amendable error.

*Bellows,* for the plaintiff.

*Hibbard,* for the defendant.

Parker, C. J. The cases which bear upon this question are not entirely in harmony.

Thus, in *Poitvin* v. *Tregeagle,* 2 Ld. Raym. 771, it was held that the christian name of the plaintiff could not be amended by inserting Peter for John. So it was held that

a declaration in favor of Emerson & Godfrey could not be amended by inserting instead, John Emerson, as the plaintiff. *Emerson* v. *Wilson*, 11 Vt. 359. This was treated as an amendment changing the parties.

But in *Moulsworth's Case*, Comb. 287, Richard for Robert was amended, by the bill on file, after judgment. So Harvert for Harbert was amended after issue, and the cause entered; id. 4. In *Scull* v. *Briddle*, 2 Wash. C. C. 200, upon motion in arrest of judment, Briddle was inserted for Biddle, in the declaration.

There is another class of cases relating to bail. In *Bingham* v. *Dickie*, 5 Taunt. 814, the court refused to allow a clerical error in spelling the plaintiff's name in the bail piece to be amended, without the consent of the bail, holding Tarbart for Tabart a fatal variance. But the bail piece was amended by a change of name in *Anderson* v. *Noah*, 1 B. & P. 31; and in *Croft* v. *Coggs*, 4 Moore 65; and a *capias* was amended by a similar change in *Stevenson* v. *Danvers*, 2 B. & P. 109.

A defendant was misnamed in the declaration, being called John instead of George, and it was held to be a fatal variance, and the plaintiff was nonsuited. *Waterbury* v. *Mather*, 16 Wend. 611. But, on the other hand, it was held that a declaration by a wrong christian name is no ground for a nonsuit. *Boughton* v. *Frere*, 3 Camp. N. P. 29; *Mayor of Stafford, &c.*, v. *Bolton*, 1 B. & P. 40.

We are of opinion that the power to amend depends not upon the question whether the amendment changes the name, but whether or not it really changes the party. If it only cures a mistake in the name of the party in fact prosecuting the writ, it may be made. But if it introduces a different party, as was proposed in *Emerson* v. *Wilson*, it is inadmissible.

The question of the admissibility of the amendment in this case will be settled in the court of common pleas, upon this principle.