## STATE *v.* JOHN LYON.

The name of the owner of the goods, in an indictment for larceny, is matter of substance, and cannot be supplied by amendment.

INDICTMENT for larceny of a pocket book and money, "of the goods, chattels and property of John Rider and John E. Rider, co-partners, in the name of John Rider and son."

Plea, not guilty.   Before trial the Attorney General moved to amend the indictment by striking out the words, "John Rider and," and the words "co-partners in the name of John Rider and Son," so that it should read "of the goods, chattels and property of John E. Rider."

The court reserved the question whether the proposed amendment could be allowed.

*Clarke*, Attorney General, for the State.

By the statute of 1863, page 2706, an indictment and certain other criminal proceedings, therein particularly specified, may be amended according to the provisions of sec. 10 of chap. 186 of the Revised Statutes, relating to writs and other civil proceedings.

I.   We have the following decisions under that section :

The *teste* of a writ may be amended, though a requisition of the constitution as well as of the statute. *Reynolds* v. *Damrell*, 19 N. H. 394.

The declaration of a writ may be amended. *McQuestion* v. *Young*, 16 N. H. 462.

If no *ad damnum* be named in the writ, the court may order an amendment. *Flanders* v. *Atkinson*, 18 N. H. 167.

In a writ of entry, the sheriff was commanded to arrest the body of the defendant.   Plaintiff moved to amend by striking out the order to arrest, which was granted.   *Clement* v. *Clement*, 18 N. H. 611.

In the case of *Elliot* v. *Clark*, the writ was sued out in the name of Lafayette Elliot, as plaintiff.   The plaintiff's counsel moved to amend by striking out the christian name "Lafayette," and inserting instead thereof, "Benjamin F."

*Chief Justice Parker* says : "We are of opinion that the power to amend depends not upon the question whether the amendment changes

the name, but whether or not it really changes the party. If it only cures a mistake in the name of the party, in fact prosecuting the suit, it may be made." And the court below was directed to make the amendment on that principle. 18 N. H. 421.

II. The object of setting out the name of the party injured is to identify the particular fact or transaction on which the indictment has been founded, so that the accused may have the benefit of an acquittal or conviction, if accused a second time. *State* v. *Iredell*, 7 Iredell 27 ; 2 Hale's Pleas of the Crown, 181; 2 Hawkins P. C. 329, secs. 71, 72.

Accordingly we find the following cases :

An indictment for forgery of a draft, addressed to Messrs. Drummond & Company, Charing Cross, by the name of Mr. Drummond, Charing Cross, without stating the names of Mr. Drummond's partners, was held sufficient. 1 Leach, 248 ; 2 East's P. C. 990 ; cited in 1 Am. Cr. Law, 257.

An indictment, stating goods to be the property of the overseers of the poor *for the time being*, is a sufficient description that the property was in the overseers at the time of the offence. Russ & Ry. C. C. 359.

An indictment for robbery committed on a woman, in her maiden name, is good, though she marry before the finding of indictment by the grand jury. 1 Leach, 536.

It has been held in New York, that in an indictment for forging a check drawn in the name of a co-partnership on a banking company, it is not necessary to set out the names of all the partners who compose the co-partnership or banking company. *The People* v. *Curling*, 1 Johns. 320.

The last three cases are cited in 1 Arch. Cr. Pl. 270–4.

"An indictment of larceny of the goods *cujusdam ignoti* is good, for it is at the king's suit, and though the owner be not known, the felony must be punished." 1 Hale's P. C. 512 ; 1 Arch. Cr. Pl. 80.

*Hatch*, for respondent.

I. An indictment cannot be amended unless it be by force of the statute of July 3, 1863, ch. 2724, p. 2706.

II. That statute authorizes amendments only "where the person or case may be rightly understood by the court," or "for defect or want of form or addition only." (1.) The ownership of the property alleged to have been stolen is of the substance of the charge and not of matter of form only. Wharton Prec. of Indict. 10 ; Whar. Crim. Law 71 ; 1 Chitty Crim. Law, 213 ; Davis Crim. Justice, 545 ; *Hogy* v. *State*, 3 Blackf. 326, (2 U. S. Dig. 754, sec. 73 ;) *Commonwealth* v. *Trimmer & al.*, 1 Mass. 476 ; 3 Greenleaf Ev. sec. 161, and note.

And it is plain that the court, from the indictment, cannot "rightly understand" that the goods of John E. Rider, and not those of John Rider & Son, were stolen.

BELLOWS, J.　At common law clerical errors only in an indictment could be amended.

By our statute of July 3, 1863, matters of form may be amended, but not matters of substance; *State* v. *Goodrich*, 46 N. H. 186; and the only question here is, whether the amendment asked for is in matter of form or substance.

An indictment for larceny must give the name of the owner of the goods if known; if not known the respondent may be charged with stealing the goods of a person unknown, and then it is said, that the king shall have the goods.　If, however, the owner be known, it would be improper to allege that he was unknown, and upon trial he must be discharged of that indictment and tried upon a new one, giving the name of the owner.　2 East. Crown Law 651; 3 Chitty Cr. Law sec. 949; 3 Campb. 264; 1 Ch. Cr. Law sec. 213.　So is Wharton's Am. Cr. Law 110, where it said that if the goods are not shown to belong to the person named the variance is fatal.　If the indictment state the crime to have been committed in the dwelling house of a third person, and mistake the name, the error will be material. 1 Ch. Cr. Law sec. 296; *Regina* v. *Cranage*, 1 Salk. 385.　So if the indictment be for housebreaking, and the name of the owner be wrongly stated, it will vitiate. 1 Ch. Cr. Law sec. 297.

In civil causes such a defect as here exists is deemed a substantial one. In *Emerson* v. *Wilson*, 11 Vt. 357, plaintiff declared on a note payable to Emerson, Godfrey & Co., and it was held that an amendment describing the note as payable to one of the partners could not be made. In *Commonwealth* v. *Pope & al.*, which was an indictment for obstructing the engine upon a railroad, alleged to be built by the Boston & Worcester Railroad Company, and the proof was that it was built by the Boston & Worcester Railroad Corporation, it was held after verdict that the variance was fatal.　See 3 Geenl. Ev. sec. 22, and notes and numerous cases, and also *Ibid*, sec. 161, and note; *State* v. *Vittum*, 9 N. H. 519.

It is manifest from these authorities that the name of the owner of the goods is matter of substance in an indictment for larceny, and therefore cannot be amended.　In *State* v. *Goodrich*, before cited, it was decided that the indictment could not be amended by stating the value of the goods stolen.　This was held to be material upon the ground that the value of the goods made the distinction between grand and petit larceny.　An indictment is the finding of a jury upon oath, and it would seem to follow, as matter of course, that nothing could be added to it that was essential to be proved in order to constitute the offence, without the concurrence of the same jury; neither can any such material matter be changed without their concurrence.

In the case before us, the grand jury has accused the respondent of stealing the goods of John Rider & Son, and that allegation must be proved or the prosecution must fail.　He has not, however, been accused by the jury of stealing the goods of John E. Rider, and if the amendment is allowed he would be put upon trial for an offence of which

he has not been accused by a grand jury. Our opinion, therefore, is, that the amendment cannot be made.

The cases cited by the attorney general are mostly under another section of the statute, authorizing amendments in civil causes in matters of substance, and which does not apply to criminal cases.

*Motion to amend denied.*