## Case No. 12,569.

### SCULL v. BRIDDLE.

[2 Wash. C. C. 150.] [1]

Circuit Court, D. Pennsylvania. April Term, 1808.

SHIPPING—MASTER—AUTHORITY TO SELL—ACTION BY OWNER TO RECOVER—MEASURE OF DAMAGES.

1. In cases of extreme necessity, the master may, in a foreign country, sell the vessel and tackle to prevent the property from perishing; but he cannot do this in the country where the owner lives.

[Criticised in The Sarah Ann, Case No. 12,-342; The Tilton, Id. 14,054; New England Ins. Co. v. The Sarah Ann, 13 Pet. (38 U. S.) 402.]

[Cited in Bryant v. Commonwealth Ins. Co., 30 Mass. 554.]

2. A sale of the vessel and her tackle in Maryland, at auction, by the master, who, by misconduct, had got the vessel on shore, gives no title to the purchaser; and in an action of trover and conversion, for the articles purchased, the measure of damages is the real value of the property, and not what they were sold for.

[Cited in Indianapolis Ins. Co. v. Mason, 11 Ind. 192.]

This was an action of trover and conversion, brought for certain sails, rigging, masts, &c., which had belonged to a vessel of the plaintiff, wrecked on the coast of Maryland; and being got on shore, the vessel and tackle were sold at public sale, by the captain, upon notice, and were purchased by the defendant. The plaintiff had hired the vessel to the captain for seventy-five dollars a month, for as long a time as both parties should please. The captain took a freight to Virginia, and on his return, by his misconduct, got her on shore; and having removed all these articles and others to the shore, sold them as above. There was some contradiction in the evidence, as to their safety, in the place to which the captain had removed them.

The defence was, that the captain had a legal power to sell; for which were cited, 1 Rob. 70, 71, 127; 3 Rob. 208, 210, 217; Doug. 219. If not so, that the defendant was liable, only, for what the property sold for.

---

## Case No. 12,570.

### SCULL v. BRIDDLE.

[2 Wash. C. C. 200.] [1]

Circuit Court, D. Pennsylvania. April Term, 1808.

PRACTICE AT LAW — MOTION IN ARREST OF JUDGMENT—MISNOMER—AMENDMENT.

1. After bail given, and plea pleaded, the defendant cannot arrest the judgment on the ground of misnomer.

2. By the provisions of the act of congress, a variance, which is merely matter of form, may be amended at any time.

3. The proceedings were amended by the recognisance of bail, and the name of the defendant, in the recognisance, inserted in the declaration.

Motion in arrest of judgment, because the writ was against Edward Briddle, and the declaration against Edward Biddle. The defendant gave special bail by the name of Edward Briddle. Cases cited by defendant's counsel: 2 Wils. 394; 3 Term R. 611.

WASHINGTON, Circuit Justice. It was competent for the defendant to have pleaded in abatement, that he was sued by the name of Edward Biddle, whereas his name was Edward Briddle. But instead of this, he

---

[1] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]

[1] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]

gives bail by his right name, and pleads in bar of the action. The variance is mere form, and the act of congress, in such a case, permits the court to amend at any time. Let the proceedings be amended, conformably to the recognisance of bail.

Motion overruled.