## Case No. 14,066.

### TOBEY v. CLAFLIN et al.

[3 Sumn. 379.] [1]

Circuit Court, D. Massachusetts. Oct., 1838.

PLEADING AT LAW—AMENDMENT—NOLLE PROSEQUI —COURTS—FOLLOWING STATE PRACTICE.

1. A party will be allowed to amend, before trial, his writ and declaration, by striking out the name of one of the defendants.

[Cited in Heath v. Goslin, 80 Mo. 317; Reading v. Beardsley, 41 Mich. 127, 1 N. W. 968.]

2. The courts of the United States are not implicitly bound by the practice and decisions of state courts, with regard to amendments.

3. Semble, that a nolle prosequi may be entered at any time before verdict, whether the defendants unite, or sever in their pleas.

Assumpsit, for work and labor and services, against three defendants [Noah Claflin and others].

The plaintiff [Jonathan Tobey], by his counsel, Bartlett & Webster, now before trial, moved to amend the writ and declaration by striking out the name of David Green, one of the defendants.

The motion was resisted by C. P. Curtis and Fletcher for defendants, who cited Redington v. Farrar, 5 Greenl. 379; Chandler v. Parkes, 3 Esp. 76; and Noke v. Ingham, 1 Wils. 89.

The counsel for the plaintiff cited Colcord v. Swan, 7 Mass. 291; and Parsons v. Plaisted, 13 Mass. 189; and the reasoning of the court in Minor v. Mechanics' Bank of Alexandria, 1 Pet. [26 U. S.] 46.

STORY, Circuit Justice. The powers of the courts of the United States to grant amendments under the judiciary act of 1789, c. 20, § 32 [1 Stat. 91], are very large, and have always been construed liberally in furtherance of public justice. In the present case, though the amendment, in a technical sense, may go to the foundation of the suit, if all the defendants are not proved to have joined in the contract; yet it is plain that it does not touch the merits. In the present state of the law, in a suit founded in contract, if all the defendants are not proved at the trial to have made the contract, a verdict must be found for all the defendants, notwithstanding it may be clearly proved that two out of three of the defendants did so contract. Perhaps it is to be regretted that such a rule ever was established; but it is too firmly fixed now to be shaken. The object of the amendment is, to get rid of this technical objection; and to enable the plaintiff to recover, if he can prove a joint contract of two of the defendants, al-

1 [Reported by Charles Sumner, Esq.]

though not of all three. It is, therefore, an application in furtherance of justice, and to suppress expensive litigation; for if a verdict should be given in the present suit, in favor of all three of the defendants, it would be no bar to a subsequent suit against two of them, founded on the same contract; for the same evidence and proofs would not be necessary to support each action. Therefore it is plain, that, in a sound sense, the objection is to the form, and not to the merits of the suit.

But it is said, that there are authorities, which, though ruled in other courts, ought, upon the present point, to govern this court. As a matter of judicial duty, I do not know that the practice of other courts, not sitting under the authority of the general government, ought to have any decisive weight here; for the laws of the United States, having given authority to the courts of the United States to allow amendments in very large and comprehensive terms, the allowance must be a matter of sound discretion in this court, with a view to carry into effect in the fullest manner the real objects of the legislature.

The case of Redington v. Farrar, 5 Greenl. 379, is certainly full in point, as to the matter of practice in the supreme court of the state of Maine. But the decision in that case is directly at variance with the decisions in Colcord v. Swan, 7 Mass, 291, and Parsons v. Plaisted, 13 Mass. 189; where an amendment was allowed by striking out the name of one of the defendants to a suit founded in contract. It is true, that in that case, the defendant thus struck out was a feme covert. But that can make no difference in principle; since the only ground for striking out her name was, that she was not legally bound by the contract, which is equally true in regard to every other person, joined as a defendant in any suit, who is not a party to the contract sued on. The MS. case, cited at the bar before Mr. Chief Justice Shaw, goes the full length of the present application; for he allowed one defendant in a suit on a contract to be struck out of the writ and declaration after full argument and consideration, upon general principles.

I have not been able to find any case in the English courts directly in point. The reason probably is, that until the recent statute of William IV. (St. 3 & 4 Wm. IV., c. 42), no amendment could be made at nisi prius, where alone it would be usually asked, in order to meet a variance created by the evidence at the trial; and applications of this sort to the courts in term do not ordinarily find their way into the reports.

The cases, relied on by the defendants' counsel, from the English reports, turn upon wholly distinct considerations. The right of a party to enter a nolle prosequi against one of the defendants, before, or at, or after a trial, is a very different matter from the

right of the court to allow him to amend by striking out a party from the record. The latter is a matter of discretion in the court, to be granted or refused, according to circumstances. The former (at least in some cases) is a matter of right, if it exists at all, dependent upon principles of law, and not subject to the discretion of the court. The cases of Noke v. Ingham, 1 Wils. 89, and Chandler v. Parkes, 3 Esp. 76, were questions turning altogether upon the point, whether the plaintiff had a right to enter a nolle prosequi or not. In the former case (1 Wils. 89) two persons were sued in assumpsit; one pleaded a former judgment, which, upon a replication putting the matter in issue, was found against him; and the other pleaded a discharge as a bankrupt, under the bankrupt laws; and as to him, the plaintiff entered a nolle prosequi. Upon a writ of error, the court held that the plaintiff had a full right to enter the nolle prosequi. In Chandler v. Parkes, 3 Esp. 76, two persons were sued in assumpsit; one pleaded his infancy, and as to him the plaintiff offered to enter a nolle prosequi. But Lord Kenyon held, that he had no right to do it. The same point was decided the same way, in Jaffray v. Frebain, 5 Esp. 47. The same point arose in Hartness v. Thompson, 5 Johns. 160, and the supreme court of New York held a doctrine directly the reverse, that in such a case a nolle prosequi might be entered; and this last decision was afterwards approved and followed by the supreme court of Massachusetts, in Woodward v. Newhall, 1 Pick. 500. Indeed, in this latter case, the motion was in the alternative for leave to enter a nolle prosequi, or to strike out the infant's name from the writ; and the motion was granted by Mr. Justice Wilde who sat at the trial. The case of Moravia v. Hunter, 2 Maule & S. 444, fully recognized the doctrine of Noke v. Ingham, 1 Wils. 89. Mr. Sergeant Williams in his note to Salmon v. Smith, 1 Saund. 207, note 2, has examined the subject of the right to enter a nolle prosequi in cases founded upon contract; and asserts, that where the defendants join in their pleas, a nolle prosequi cannot be entered, as to one, after verdict. But where they sever in their pleas, and the plea of one goes to his personal discharge, or does not deny the original cause of action, there a nolle prosequi may be entered as to him, and proceedings still had against the other. But this whole subject, as to the right of a plaintiff to enter a nolle prosequi, was fully considered, and all the leading authorities commented on, in the case of Minor v. Mechanics' Bank of Alexandria, 1 Pet. [26 U. S.] 46, 80, in the supreme court of the United States; and it was held, that where the defendants sever in their pleadings in a case of contract, the plaintiff may enter a nolle prosequi against one, either before, or after judgment. This last decision I am bound to

follow in its leading principles and analogies. The very object of the present motion is to get rid of a possible difficulty, if the defendants should join in their pleas, of entering a nolle prosequi at the trial. Upon principle, indeed, I am not able to see any very satisfactory reason, why a nolle prosequi might not be entered at any time before verdict, whether the defendants had united or severed in their pleas; since, then, upon the whole record, the only question would be, as to the contract of the remaining defendants. But as to this I decide nothing.

It appears to me, that the granting of the amendment in this case is fully justified by principles of general convenience and policy, and is in furtherance of public justice. It is an exercise of sound discretion to prevent the operation of an objection, which does not touch the substantial merits of the controversy between the parties. I shall therefore grant the leave to amend. I should grant the leave if there were no authority in point. But I unhesitatingly follow the cases in the Massachusetts Reports, as founded in sound sense and legal propriety. Amendment granted.