## Case No. 5,747.

### GREELEY et al. v. SMITH et al.

[3 Story, 76.] [1]

Circuit Court, D. Maine. May Term, 1844.

CORPORATION—CITIZENSHIP—PLEADINGS—RULE TO AMEND—PRACTICE.

1. A corporation established by and in a state, and doing business there, is to be deemed a citizen of the state, and the citizenship of the corporators is immaterial to the jurisdiction of the courts of the United States.

[Cited in Re McKibben, Case No. 8,859.]

[See Bank of Cumberland v. Willis, Case No. 885.]

---

[1] [Reported by William W. Story, Esq.]

2. Where a suit is brought by or against a corporation in the courts of the United States, the state in which the corporation is created and established should be averred.

3. It is perfectly competent for this court to grant a motion to strike out the name of one of the defendants, where its jurisdiction might otherwise be ousted. The same practice also obtains in the supreme court of the United States, and is within the remedial action of the judiciary act of 1789, c. 20, § 32 [1 Stat. 91].

This is an action of trover, for two thirds of a certain brig, called the Walsan, and of two thirds of a certain other brig, called the Alfred. The defendants put in at the return term the following plea: "And now the said Joseph Smith, in his proper person, and the said president, directors and company of the Exchange Bank, by Ashur Ware, their president, in his proper person, come and defend the wrong and injury, &c., and say, that the court here ought not further to take cognizance of or sustain the action aforesaid, because they say, that one James Harris, of Boston, in the commonwealth of Massachusetts, and a citizen of said commonwealth of Massachusetts, was, at the time of the setting out of the plaintiffs' writ in this action, and still is a stockholder in the said Exchange Bank, one of said company, and a corporator; viz., an owner of twelve shares of the capital stock thereof, and one of the defendants in this action; and they further aver, that said commonwealth of Massachusetts, of which said Harris is a citizen, is the same state or commonwealth, of which the plaintiffs in their writ have averred themselves to be citizens; all which they are ready to verify. Wherefore, they pray judgment, if the court here will take further cognizance of or sustain the said action; and for their costs."

At the May term, 1843, the plaintiffs [Philip Greeley and another] moved to amend their writ by striking out from the same the names of the president, directors and company of the Exchange Bank, as defendants.

And at May term, 1844, the motion, being resisted, was argued by

Thomas A. Deblois, for plaintiffs.

John Rand, for defendants.

The following authorities were cited by the plaintiffs in support of their motion: Calloway v. Dobson [Case No. 2,325]; Anon [Id. 444]; Russell v. Clark's Ex'rs, 7 Cranch [11 U. S.] 69; Judiciary Act, § 32; Smith v. Jackson [Case No. 13,065]; Rev. St. Me. c. 115, § 19; Ordway v. Wilbur, 16 Me. 263; Ames v. Weston, Id. 266; Fogg v. Greene, Id. 282; and the 12th and 13th rules of court.

STORY, Circuit Justice. I have no doubt, whatsoever, that it is perfectly competent for the court to grant the present motion. It is often done in the circuit court in this circuit, where the jurisdiction of the court would or might be otherwise ousted. The same practice has been sanctioned upon the same ground by the supreme court of the

United States; and it is fully within the remedial operation of the 32d section of the judiciary act of 1789, c. 20. But I do not think this amendment is now necessary to sustain the jurisdiction of the court. The case of Louisville, C. & C. R. Co. v. Letson (decided at the last term of the supreme court of the United States) 2 How. [43 U. S.] 497, is decisive on the point. There it was held, after a full review of all the former decisions, that a corporation established by and in a state, and doing business there, is to be deemed a citizen of the state; an artificial person, indeed, but still a citizen; and that the citizenship of the corporators was immaterial to the jurisdiction of the courts of the United States. This decision puts an end to all controversy on the point, and also puts an end to what has long been felt by the profession, as well as the bench, to be an anomaly in our jurisprudence. But I think, that it ought, in strictness, to be averred, that the corporation is a corporation created by and established in the state of Maine. Perhaps the language used in the descriptive part of the present writ is sufficiently direct for the purpose, as the corporation is described to be "the president, directors and company of the Exchange Bank, a corporation in Portland in the state of Maine, and the stockholders of which, together with the said Smith, are inhabitants of and residents in said state of Maine, and citizens thereof." The plaintiffs may, therefore, have their choice to amend the writ as they by their motion ask, or simply amend it by adding the words above suggested, as they shall be advised. The amendment should be with costs simply of the term.

[NOTE. In Case No. 5,748 the surrender of the charter of the Exchange Bank was suggested, and it was decided that the suit against it was thereby abated. The other defendant thereupon (Id. 5,749) filed a plea of a former judgment in bar, to which plea there was a demurrer and joinder. The demurrer was allowed, and the case ordered to trial. The question was submitted to the court upon the findings of the jury, who gave judgment in favor of the plaintiffs for the value of the Alfred, secured in a certain bottomry bond under consideration. Id. 5,750.]