**NELSON v. BAILEY.** See Case No. 2,635.

---

## Case No. 10,101.

### NELSON v. BARKER et al.

[3 McLean, 379.] [1]

Circuit Court, D. Illinois. June Term, 1844.

PLEADING — AMENDMENTS — WHEN MADE — MISNOMER.

1. By the common law amendments were permitted, if there was any thing to amend by.

[Cited in brief in Turner v. Christy, 50 Mo. 146.]

2. Anciently all amendments were required to be made at the term when the error occurred.

[Cited in Re Wight, 134 U. S. 146, 10 Sup. Ct. 490.]

3. But now they may be made, at any time before judgment, and, in some cases, afterwards.

[Cited in Tufts v. Tufts, Case No. 14,233; Re Wight, 134 U. S. 146, 10 Sup. Ct. 489.]

---

[1] [Reported by Hon. John McLean, Circuit Justice.]

4. A misnomer may be amended after plea in abatement.

5. The plea gives the matter, by which to amend. But under the act allowing amendments, the declaration may be amended.

[This was an action by Nelson against Barker and Stewart.]

Mr. Hall, for plaintiff.

Mr. Peters, for defendants.

OPINION OF THE COURT. This was an action of assumpsit to which the defendants filed a plea of misnomer. And the plaintiff moved for leave to amend the writ and declaration. This was objected to on the ground that there was nothing to amend by. At common law the court could give leave to amend only where there was something to amend by. And anciently amendments were required to be made at the term at which the error occurred; but now an amendment may be made at any time before judgment, and, in some cases, after judgment.

In the case of Randolph v. Barret, 16 Pet. [41 U. S.] 141, the court held where suit was brought against the defendant as administrator, on a plea in abatement being filed, alleging that he was executor and not administrator; that the circuit court had power to allow the writ and declaration to be amended. And they say, "In this case the defendant admitted by his plea that he was the person liable to the suit of the plaintiff; but averred that he was executor and not administrator." "And when the plea was filed it became part of the record, and furnished matter by which the pleadings might be amended." And the court remark, "express authority is given by the 32d section of the judiciary act of 1789 [1 Stat. 91], to the courts of the United States, to permit either of the parties, at any time, to amend any defect in the process or pleadings, upon such conditions as the court shall, in their discretion, and by their rules prescribe." "This amendment is, therefore, not only authorised by the ordinary rules of amendment, but by the statute also."

The case of a misnomer is, in principle, similar to that above cited, as the plea in both cases gives the true name or designation. On the general ground from the above authority, the amendment may be permitted under the act of congress. Leave to amend.