## Case No. 17,528.

### WHITAKER v. POPE.

[2 Woods, 463.][1]

Circuit Court, N. D. Georgia. March, 1876.

INTEREST—REPEAL OF USURY LAW—ACTION TO RECOVER USURY—PARTIES—SET-OFF.

1. Interest from the commencement of the suit is recoverable as a matter of law in an action upon a money demand, even though interest is not claimed in the petition.

2. A claim for money taken as usury, while a law forbidding usury was in force, is not destroyed by the repeal of the law.

3. Indebitatus assumpsit would be a proper form of action at common law, to recover money paid as usury. Under the Code of Georgia, the action for open account would seem to be applicable.

4. A bill of particulars appended to a petition to recover money paid as usury, which sets forth the usurious payments as general indebtedness for cash paid by the plaintiff to the defendant, is sufficient.

5. Where an action was brought in the name of A. for the use of B., and it appeared on the trial that before suit brought, A. had assigned the claim to B., who therefore held the legal title, an amendment under the Code of Georgia was allowed after verdict by striking out the name of A. from the petition.

6. When a debtor had notice that his creditor A. had assigned the debt due him to B., and afterwards procured a counterclaim against the original creditor A., held, that he could not use such claim as a set-off in a suit brought in the name of A. for the use of B., to recover the debt assigned to B.

Action at law [by Jared I. Whitaker, for the use of E. D. Dodge, against John D. Pope]. Heard upon motion in arrest of judgment and motion for new trial.

A. T. Akerman, for the motion.
L. E. Bleckley, contra.

BRADLEY, Circuit Justice. The defendant moves in arrest of judgment because the verdict is for interest as well as principal, when no interest is demanded in the petition. But the interest given by the verdict is only interest from the commencement of the action. This need not be demanded, but follows as a matter of law.

The defendant then moves for new trial on several grounds: (1) That in 1873 the legislature repealed all laws on the subject of usury, and, therefore, usury taken prior to that time can not be recovered back. This is not so. When the usury was taken, it was taken against law, and the usury paid therefor was money had and received by the de-

[1] [Reported by Hon. William B. Woods, Circuit Judge, and here reprinted by permission.]

fendant for the use of the plaintiff. This demand was not canceled by the repealing law. After the law was passed, there was no such thing as usury, but prior to it there was, and the law did not and could not annihilate that state of things, or the rights that grew out of it. (2) That the action for an open account is not applicable to the recovery of money paid by way of usury. An examination of the Code, however, induces the conclusion that it is a proper form of action. Indebitatus assumpsit for money had and received would have been a proper form of action under the common law system of pleading, and where that action would formerly lie, the action for open account would seem to be generally applicable under the Code. Besides, the objection could be covered by proper amendment if it were material. (3) That the bill of particulars was insufficient. This objection is not well taken. The bill sets forth the usurious payments as general indebtedness for cash paid by the plaintiff to the defendant. This is the meaning of the form of account given, and this expresses the legal effect of money paid on account of usury. It is cash paid for which the receiver is indebted to the payer. (4) That the action was brought in the name of Whitaker for the use of Dodge, when it ought to have been brought in the name of Dodge himself, to whom, as it appeared by the evidence, Whitaker had assigned the claim as collateral security for a debt. We think that the assignment produced did have the effect of passing the legal title of the account to Dodge. The operative words of the agreement are "turn over," instead of "assign," which, in our view, means the same thing. To turn over a note or an account as collateral security means the same in law as to assign it for that purpose. But the petition discloses the fact of Dodge's interest. It states that Whitaker sues for the use of Dodge. The defendant could not have been misled by this form of action, and he was not injured by it. He was allowed to make every defense which he could have made if the action had been in the name of Dodge. We think, therefore, that the petition may be amended by striking out the name of Whitaker, and making Dodge plaintiff in form as he is in substance. Parties may always amend if there is enough in the pleadings to amend by. Code, § 3479. In this case we think there is enough to amend by. The Code goes on to specify some particular cases: thus, coplaintiffs or defendants who are omitted may be added: coparties improperly inserted may be stricken out; a person's name may be added as suing for the use of the original party; and representative character may be added or stricken out. Code, §§ 3483, 3487. We think that the present case is within the reason of the law relating to such amendments. (5) That the defendant was not allowed a set off claimed by him. We think that this set off was justly disal-

lowed. It was a claim against Whitaker, procured by the defendant after he had been served with the petition—which showed the fact that Whitaker was suing for the use of Dodge. The defendant, therefore, had notice before procuring this claim, that Dodge had an interest in the claim sued on. He procured the counterclaim before the petition was filed, it is true; but that does not matter. He had notice of Dodge's interest; and it was too late for him to buy up claims against Whitaker.

We see no reason for granting a new trial for any of the causes above specified.

The other grounds relied on are exceptions to the charge and rulings of the court. It is sufficient to say, that after giving them due examination, we do not see any sufficient cause for setting aside the verdict. The rulings were substantially correct, and the defendant has suffered no legal injury thereby.

Motion denied.