## TYLER

*v.*

## THE MUTUAL DISTRICT MESSENGER COMPANY.

PLEADING AND PRACTICE; AMENDMENT OF PLEADINGS; APPEALABLE ORDERS.

1. Sec. 954, R. S. U. S., relating to amendments of pleadings and process, is remedial and must be liberally construed.
2. An amendment may be allowed of a declaration after plea in abatement filed for misnomer of the defendant.
3. Where the power of amendment exists in the lower court, its exercise is a matter of discretion, from which no appeal lies.

No. 823. Submitted October 3, 1898. Decided October 18, 1898.

HEARING on a motion to dismiss an appeal from an order allowing an amendment to a declaration. *Granted.*

*Mr. Walter V. R. Berry* and *Mr. B. S. Minor* for the motion.

*Mr. S. Herbert Giesy, contra.*

Mr. Chief Justice ALVEY delivered the opinion of the Court:

There is a motion in this case to dismiss the appeal, and that motion must be sustained.

The appeal is taken from an order allowing an amendment to be made of the declaration after plea in abatement filed for misnomer of the defendant. This amendment was allowable under the general terms of Section 954, R. S. U. S., which declares that the courts of the United States " may at any time permit either of the parties to amend any defect in the process or pleadings, upon such conditions as the court shall, in its discretion and by its rules, prescribe." This section is remedial, and, it has been held, must be liberally construed. *Parks* v. *Turner*, 12 How. 39; *Roach* v. *Hulings*, 16 Pet. 319.

It has been held in many cases that amendments may be made in cases of the character of the present. For instance, it has been held that an amendment is allowable by striking out a name from a petition. *Whitaker* v. *Pope*, 2 Woods, 463. And it has been held that the plaintiff might amend on a plea of misnomer in the name of the defendant, which is this case. *Nelson* v. *Barker*, 3 McLean, 379; *Scull* v. *Briddle*, 2 Wash. C. C. 200. And it has also been held, that an amendment may be made by striking out the name of a defendant. *Greeley* v. *Smith*, 3 Story, 76; *Tobey* v. *Claflin*, 3 Sum. 379.

The power of amendment existing in the court below, its exercise was matter of discretion, and from the exercise of that discretion no appeal lies. This appeal must therefore be dismissed; and it is so ordered.

*Appeal dismissed.*