PORTLAND GOLD MIN. CO. v. STRATTON'S INDEPENDENCE, Limited.

(District Court, D. Colorado. February 20, 1912.)

No. 5,267, Law.

1. ABATEMENT AND REVIVAL (§§ 39, 55*)—CAUSES OF ACTION WHICH SURVIVE —TROVER.

A cause of action in trover to recover the value of ore alleged to have been mined and removed from plaintiff's lands survives the death of defendant, or its dissolution if a corporation, both under the common law and Rev. St. Colo. 1908, § 7258, which provides that "all actions in law whatsoever, save and except actions on the case for slander or libel, or trespass for injuries done to the person, and actions brought for the recovery of real property shall survive to and against executors, administrators and conservators."

[Ed. Note.—For other cases, see Abatement and Revival, Cent. Dig. §§ 194–204, 255–278, 282, 285, 292, 293; Dec. Dig. §§ 39, 55.*]

2. ABATEMENT AND REVIVAL (§§ 39, 49*)—CAUSES OF ACTION WHICH SURVIVE —WHAT LAW GOVERNS.

The question whether or not an action in a federal court, which has abated by the death of the defendant, or its dissolution if a corporation, may be revived, depends on the laws of the state in which the action is brought.

[Ed. Note.—For other cases, see Abatement and Revival, Cent. Dig. §§ 194–204, 246, 247; Dec. Dig. §§ 39, 49.*]

3. ABATEMENT AND REVIVAL (§ 39*)—CONSTRUCTION OF STATUTE.

Mills' Ann. Code Colo. § 15, which provides: "An action shall not abate by the death or other disability of a party, * * * if the cause of action survive or continue. In case of the death or other disability of a party the court, on motion, may allow the action to be continued by or against his representative or successor in interest"—authorizes a revival only in favor of or against those who acquire, either by operation of law or otherwise, an interest in the subject-matter of the action; and an action of trover against a corporation to recover the value of ore alleged to have been converted, which has abated by reason of the dissolution of defendant, cannot be revived thereunder against another corporation which succeeded by purchase to the property of defendant, but is not alleged to have received the ore converted, or its proceeds or value.

[Ed. Note.—For other cases, see Abatement and Revival, Cent. Dig. §§ 194–204; Dec. Dig § 39.*]

4. PARTIES (§ 62*)—SUBSTITUTION—AMENDMENTS.

Neither Rev. St. § 954 (U. S. Comp. St. 1901, p. 696), nor Mills' Ann. Code Colo. § 75, both of which provide for amendment of pleadings, permits the striking out of a sole defendant and the substitution of another in his stead, especially where the causes of action against the two are different.

[Ed. Note.—For other cases, see Parties, Cent. Dig. § 98; Dec. Dig. § 62.*]

At Law. Action by the Portland Gold Mining Company against Stratton's Independence, Limited. On motion to vacate order for substitution of defendants. Motion sustained.

Thomas, Bryant, Nye & Malburn, of Denver, Colo., and Chinn & Strickler, of Colorado Springs, Colo., for plaintiff.

Wm. V. Hodges, of Denver, Colo., for defendant.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

LEWIS, District Judge.  On December 21st, 1908, the plaintiff, a Wyoming corporation, filed in the Circuit Court its complaint against Stratton's Independence, Limited, a corporation organized about the year 1898 under the laws of the Kingdom of Great Britain and Ireland.  The complaint contains twenty-five counts or causes of action, and the aggregate amount sought to be recovered is $366,600.  It is alleged in the several causes of action that the plaintiff is the successor (having been organized in 1905) in title to certain mining properties situate in the Cripple Creek Mining District, which were granted to it by The Portland Gold Mining Company, a corporation organized under the laws of the State of Iowa, and that it is the assignee of said Iowa company of the claims on which each cause of action is based.  Each count states an action in trover.  Each alleges that precious ores were broken down and taken from its mining claims while the property belonged to the Iowa corporation, that said ores came into the possession of said defendant and were of the aggregate value above noted and were thereafter converted by said defendant to its use.  After issues were joined, and on November 19th, 1910, a motion was entered that the causes of action abate on account of the dissolution of said defendant, which had taken place on July 4th, 1910.  Before that motion was heard stipulation between counsel as to the facts in that respect was filed in the cause.  From that stipulation it appeared that said defendant "company did, on the 4th day of July, A. D. 1910, become wholly dissolved in that jurisdiction" (the Kingdom of Great Britain and Ireland).  It was thereupon ordered that said causes of action abate as against said defendant.

From the said stipulation it further appeared that at the time of the dissolution of said defendant it was indebted to various creditors to the amount of about $375,000.  In 1908 a new company was organized under the laws of the Kingdom of Great Britain and Ireland bearing the same name as said defendant.  The number of shares in the new company was the same as in the old, but each share was of less par value.  The stockholders in the old company were given the privilege of taking the same number of shares which they held in the old company, in the new company.  .They did not all avail themselves of this privilege.  Of the million shares in the new company 123,226 were purchased by strangers to the old company, and they paid in for these shares $375,000.  The $375,000 so paid into the treasury of the new company by those who were not shareholders in the old company was turned over to the old company for the payment of its debts, and the new company, in consideration therefor, and in further consideration that it would protect the old company against its debts, liabilities and obligations and pay, satisfy and discharge the same, and adopt, perform and fulfill all contracts and engagements then binding it, received from said old company all of its properties, including lands, buildings, mines, concessions, goods, chattels, moneys, credits, debts, bills, notes and things in action.

On these facts the same order which abated the action against the old company (1898) contained an order that the new company (1908)

be substituted as a party defendant in this action, and that *scire facias* be served on said new company. This was done.

The new company now moves for a vacation of the order substituting it as a defendant, and this is the matter for present consideration.

[1] Did the causes of action survive the dissolution of the old company?

To sustain the affirmative of this proposition plaintiff's counsel cite section 955, Rev. Stat. U. S. (U. S. Comp. St. 1901, p. 697). This section does not "prescribe the causes which survive the death of either party." Patton v. Brady, 184 U. S. 612, 22 Sup. Ct. 494, 46 L. Ed. 713.

But the causes of action survived the dissolution of the old company at common law, Patton v. Brady, supra, In re Connaway, 178 U. S. 426, 20 Sup. Ct. 951, 44 L. Ed. 1134; and also, by virtue of the local statute, Revised Statutes of Colorado 1908, section 7258:

"All actions in law whatsoever, save and except actions on the case for' slander or libel, or trespass for injuries done to the person, and actions brought for the recovery of real property shall survive to and against executors, administrators and conservators."

See Kelley v. U. P. Ry. Co., 16 Colo. 455, 27 Pac. 1058.

[2, 3] The causes of action having survived the dissolution of the old company, the question whether they can be revived against the new company remains for consideration. The right to revive a cause of action depends upon the laws of the State in which the action is brought. B. & O. R. R. Co. v. Joy, 173 U. S. 226, 19 Sup. Ct. 387, 43 L. Ed. 677. The only express provision for the revival of actions is section 270 of Mills' Code, which is as follows:

"The action for the recovery of real property shall not abate by the death of either or all the parties thereto, but may be revived in the name of the heirs, representatives or successors in interest in the manner other civil actions are revived by this act."

The other provisions of the code to which reference is doubtless made in the above section, is section 15 of said code, which is as follows:

"An action shall not abate by the death or other disability of a party, or by the transfer of any interest therein, if the cause of action survive or continue. In case of the death or other disability of a party the court, on motion, may allow the action to be continued by or against his representative or successor in interest. In case of any other transfer of interest the action may be continued in the name of the original party, or the court may allow the person to whom the transfer is made to be substituted in the action."

It is apparent from the language of this section that the revival can be made only in favor of or against those who acquire, either by operation of law or otherwise, an interest in the subject-matter of the action. The subject-matter of each of the causes of action here is the proceeds or value of the ore which came into the possession of and was retained by the old company on account of the several acts of alleged conversion and appropriation. But it is not claimed that these ores or their proceeds or the value arising therefrom was ever

turned over to the new company by the old company. In the absence of a showing that the new company obtained from the old company said ores or their proceeds or value, it can not be said to be a successor in interest of the old company, or a transferee of its interest in the subject-matters involved here. Of course, it is in no sense the representative of the old company.

There is therefore no law of the state which authorizes a revival of the causes of action against the new company.

[4] But the plaintiff insists that even if there be not provision in the state statute for the revival of the action against the new company, yet under section 954, Rev. Stats. U. S. (U. S. Comp. St. 1901, p. 696), and also under the terms of section 75 of Mills' Code, the new company can be substituted as a defendant instead of the old company by way of amendment. Said section 954 has been liberally construed by all of the Federal Courts in favor of allowing amendments. McDonald v. State of Nebraska, 101 Fed. 171, 41 C. C. A. 278, and other cases there cited.

It is permissible under this section to strike out the name of one defendant where the action is against several, Greeley v. Smith, 3 Story, 76, Fed. Cas. No. 5,747; even though the cause of action alleged against the original defendants stated a joint liability only, Tobey v. Claflin, 3 Sumn. 379, Fed. Cas. No. 14,066. But I have been unable to find any authority which permits the striking out of a sole defendant and the substitution in his stead of another. The acts of conversion by the defendant as charged in the complaint were committed before the new company was organized. Under the stipulated facts the new company may be contractually liable for the value of plaintiff's ores converted by the old company to its use. For the purpose of holding the new company therefor, if it be held as a defendant, it would be necessary to amend the complaint by adding thereto allegations to the effect that it, for consideration received from the old company, had assumed and agreed to discharge the liability of the old company for said conversion. That would state a cause of action *ex contractu* against the new company, whereas the original complaint is in tort. Thus, the amendment sought would result in a radical change both in parties and substance. No authority has been cited which, in my opinion, permits this.

That part of said section 75 of the state code on which the insistence is made for amendment by substituting the new for the old company is as follows:

"The court may, on motion, in furtherance of justice and on such terms as may be proper, amend any pleading or proceeding, adding or striking out the name of any party, or by correcting a mistake in the name of a party, or a mistake in any other respect," etc.

A like code provision was under consideration by the New York Court of Appeals in New York, etc., Association v. Agricultural Works, 89 N. Y. 22. It was there said:

"The order to amend in this case authorizes the striking out of the name of the defendant and the insertion of the names of three persons as defendants in lieu thereof. Its effect is to continue the action against other and different parties than the one named, thus substituting a cause of action

with new and other defendants. Such an amendment is not we think, authorized by any provision of the Code or any of the adjudged cases. Section 723 of the Code of Civil Procedure does not cover any such case. While full authority is conferred for adding or striking out the name of a person or a party, or correcting a mistake in such name, it does not sanction an entire change of name of the defendant by the substitution of another or entirely different defendants. The authorities relating to the question are fully considered in the opinions of the General Term, and it is not necessary to examine them upon this appeal. Although some cases are cited which are supposed to sanction such a rule, they are not well founded and have not received the approval of this court. The cases of Bassett v. Fish, 75 N. Y. 304, and Shaw v. Cock, 78 N. Y. 194, without citing other cases, are directly in point and settle the question adversely to the claim of the respondent's counsel."

See, also, Ency. P. & P. Vol. 1, pp. 445 and 446.

The motion to vacate the order substituting the new company as defendant for the old must be sustained. It is so ordered.