No. 11,092.

SWARTZ v. ROSENKRANS, ADMINISTRATRIX.

Decided October 19, 1925.

Action in trover and conversion.   Judgment for plaintiff.

*Affirmed.*

1. EXECUTORS AND ADMINISTRATORS—*Actions—Survival.*   Actions in trover and conversion survive to executors, administrators and conservators.

2.       *Actions—Survival.*   Section 5383, C. L. '21, as to actions in trover and conversion, is not remedial, but is declaratory of the common law.

3.       *Powers and Duties.*   It is not only the right, but the duty of the administratrix of the estate of a deceased person, to sue for, recover and preserve the estate.

4. DAMAGES—*Exemplary—Executors and Administrators.*   In an action for trover and conversion brought by the administratrix of the estate of a deceased person, the principles concerning the recovery of exemplary damages are as applicable as in other similar cases.

*Error to the District Court of Boulder County, Hon. Neil F. Graham, Judge.*

Mr. HENRY O. ANDREW, for plaintiff in error.

Mr. JOHN R. WOLFF, for defendant in error.

MR. JUSTICE ADAMS delivered the opinion of the court.

DEFENDANT in error, plaintiff below, as administratrix of the estate of a deceased person, recovered in trover from defendant, now plaintiff in error, for the value of certain choses in action alleged to have been obtained by divers means from decedent during his life time and con-

verted by defendant to her own use.  Exemplary damages were also awarded.  She brings the case here on error.

Counsel for plaintiff in error at the oral argument stated that the sole question to be determined is whether such an action is one that survives to an executor or administrator, and this is all that we shall pass upon.

Section 5383 of the Colorado Compiled Laws, 1921, reads: "All actions in law whatsoever, save and except actions on the case for slander or libel, or trespass for injuries done to the person, and actions brought for the recovery of real estate, shall survive to and against executors, administrators, and conservators."

The case at bar is not within the exceptions of the above statute and therefore the action survives.  As to such an action in trover and conversion, the statute is not remedial, but is declaratory of the common law.  *Portland Gold Mining Co. v. Stratton's Independence, Ltd.*, 196 Fed. 714, 716.

In *DeFord v. Insurance Company*, 75 Colo. 146, 224 Pac. 1049, we held that an action against an insurance company for negligent delay in issuing an insurance policy, being a failure to discharge a duty owing to the deceased, was an action in tort that survived to the legal representatives of the deceased.  The same principle applies here.  This action is also in tort, arising out of the violation of the property rights of the deceased, causing a loss or damage thereto, by means of which his estate was depleted.  If trover or some other effective remedy did not lie, one might have the whole or any part of one's property unlawfully taken away from him, and upon his death the executor or administrator would in such case be powerless to recover such assets belonging to his estate, for the dependents or creditors of the deceased, or for others lawfully entitled to such assets, and the wrongdoer would also thereby become free to keep that which is not his own, without fear of molestation.  This was never the intention of the law, and it cannot be so construed.  It

was not only plaintiff's right, but it was also her duty as administratrix of the estate of the deceased, to sue for, recover and preserve the estate of the deceased. Compiled Laws, 1921, § 5262.

As to exemplary damages, there is no reason why we should not here follow the principles applicable to such class of damages in other similar cases. These principles are fundamentally the same as they would be if decedent were living. The judgment based on the award of the jury, both as to actual and exemplary damages, will therefore be permitted to stand.

The record that has been presented is sufficient for a complete determination of the questions here decided, but not of any other matter, so we shall not consider any further assignments of error.

The judgment is affirmed.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE DENISON concur.