EMILIO RIVERA MALDONADO, Plaintiff and Appellant, v. CENTRAL PASTO VIEJO, INC., Defendant and Appellee.

No. 5651.   Argued January 9, 1933.—Decided February 8, 1933.

*F. Gallardo Díaz* for petitioner.   *Henri Brown, C. Ruiz Nazario,* and *G. E. González* for respondent, the United Porto Rican Sugar Company.

Mr. Justice Córdova Dávila delivered the opinion of the Court.

The plaintiff in this case, in a motion for substitution of the party defendant, asks that the action be continued against the corporation United Porto Rican Sugar Co., and against Messrs. Fernando Margarida and M. A. Walker, directors and officers of both the said corporation and the Central Pasto Viejo, Inc.

The plaintiff alleges that he filed his complaint against the defendant on March 7, 1927; that on March 21, 1929, the defendant filed its answer sworn to by Mr. Fernando Margarida who declared himself to be a vice president of the defendant corporation; that while this case was pending in this Court, the plaintiff filed with the secretary of this Court, a motion for substitution of attorney sworn to by Mr. Fernando Margarida who stated that he was a director of the defendant corporation Central Pasto Viejo; that after this Court had rendered judgment, the plaintiff-appellant ascertained, after proper investigation in the office of the Executive Secretary of Puerto Rico, that the defendant corporation had been dissolved on July 19, 1928, when Messrs. M. A. Walker and Fernando Margarida were its directors, respectively its president and vice president; that on August 23, 1928, a deed of sale of rights and interests in real property was executed before a notary, in Caguas, by the defendant Central Pasto Viejo in favor of the corporation United Porto Rican Sugar Co., the said Mr. M. A. Walker representing the Central Pasto Viejo as its president, and the said Mr. Fernando Margarida representing the United Porto Rican Sugar Co. as its vice president; that in said deed the Central Pasto Viejo sold, transferred, and assigned to the United Porto Rican Sugar Co., for the price of $2,238,269.60, all of its property, rights, and choses in action, the said corporation United Porto Rican Sugar Co. withholding the sum of $1,362,794.60 with which to pay all of the obligations incurred by the vendor corporation Central Pasto Viejo.

The United Porto Rican Sugar Co. has appeared in opposition to this motion, alleging that this Court lacks jurisdiction to grant the relief sought, or any other that might affect said corporation without giving the latter its day in court. The said corporation also alleges that there is no law in force in Puerto Rico giving this Court jurisdiction to authorize the substitution of a person, not a party to the proceedings in the lower court, for a party defendant against whom this Court has already rendered judgment on appeal.

The plaintiff maintains that the requested substitution should be made in accordance with the provisions of section 69 of the Code of Civil Procedure. Said section reads as follows:

"An action or proceeding does not abate by the death or disability of a party, or by the transfer of any interest therein, if the cause of action or proceedings survive or continue. In case of the death or any disability of a party, the court, on motion, may allow the action or proceeding to be continued by or against his representative or successor in interest. In case of any other transfer of interest, the action or proceeding may be continued in the name of the original party, or the court may allow the person to whom the transfer is made to be substituted in the action or proceeding."

The preceding section is identical with section 385 of the Code of Civil Procedure of California. In cases of transfer of interest it is usually the vendor who asks for the substitution. Those cases offer no difficulties because they are ordinarily decided without opposition and with the consent of the parties to the action. In this case, in which this Court has already rendered judgment, and in which a motion for reconsideration is pending, the plaintiff requests the substitution of the party defendant.

The plaintiff alleges that the defendant corporation has been dissolved and has ceased to exist, and that this action should be continued against the representative or successor in interest of the defunct corporation. This case does not deal with a legal representative or successor in interest who

acquires the right to continue the action through the death or incapacity of a litigant. To decide the motion filed by the plaintiff we must rely upon the last part of section 69 previously cited, which refers to "any other transfer of interest."

In the case of *Portland Gold Min. Co.* v. *Stratton's Independance,* 196 Fed. 714, decided by the United States District Court for the District of Colorado, an action of trover was brought against a corporation to recover the value of certain ore owned by plaintiff and alleged to have been appropriated by defendant to its own use. While the litigation was still pending the defendant corporation was dissolved. The parties filed a stipulation as to the fact in that respect and alleged the formation of a new company with the same name as the dissolved corporation. From the stipulation it further appeared that "$375,000, paid into the treasury of the new company by those who were not shareholders in the old company, was turned over to the old company for the payment of its debts, and the new company, in consideration therefor, and in further consideration that it would protect the old company against its debts, liabilities and obligations and pay, satisfy and discharge the same, and adopt, perform and fulfill all contracts and engagements then binding it, received from said old company all of its properties, including lands, buildings, mines, concessions, goods, chattels, moneys, credits, debts, bills, notes, and things in action." In view of said stipulation, the court ordered that the action abate as against the dissolved corporation, and that the new company be substituted as a party defendant in the action. Said new company filed a motion to vacate the order of substitution and the court granted this motion, interpreting section 15 of the Code of Colorado, which is identical with section 69 of our code, except that the latter includes actions and proceedings, whereas the Code of Colorado, in specifying the cases in which an action is not abated, does not employ the term "proceedings."

Said district court, in sustaining the motion and vacating the order of substitution, said:

"The other provision of the code to which reference is doubtless made in the above section, is section 15 of said code, which is as follows:

" 'An action shall not abate by the death or other disability of a party, or by the transfer of any interest therein, if the cause of action survive or continue. In case of the death or other disability of a party the court, on motion, may allow the action to be continued by or against his representative or successor in interest. In case of any other transfer of interest the action may be continued in the name of the original party, or the court may allow the person to whom transfer is made to be substituted in the action.'

"It is apparent from the language of this section that the revival can be made only in favor of or against those who acquire, either by operation of law or otherwise, an interest in the subject-matter of the action. The subject-matter of each of the causes of action here is the proceeds of value of the ore which came into the possession of and was retained by the old company on account of the several acts of alleged conversion and appropriation. But it is not claimed that these ores or their proceeds or the value arising therefrom was ever turned over to the new company by the old company. In the absence of a showing that the new company obtained from the old company said ores or their proceeds or value, it can not be said to be a successor in interest of the old company, or a transferee of its interest in the subject-matters involved here. Of course, it is in no sense the representative of the old company.

"There is therefore no law of the state which authorizes a revival of the causes of action against the new company.

"But the plaintiff insists that even if there be no provision in the state statute for the revival of the action against the new company, yet under section 954, Rev. Stats. U. S. (U. S. Comp. St. 1901, p. 696), and also under the terms of section 75 of Mills' Code, the new company can be substituted as a defendant instead of the old company by way of amendment. Said section 954 has been liberally construed by all of the Federal Courts in favor of allowing amendments. *McDonald* v. *State of Nebraska*, 101 Fed. 171 , 41 C. C. A. 278, and other cases there cited.

"It is permissible under this section to strike out the name of one defendant where the action is against several, *Greely* v. *Smith*, 3 Story, 76, Fed. Cas. No. 5,747; even though the cause of action

alleged against the original defendants stated a joint liability only, *Tobey* v. *Claflin,* 3 Sumn. 379, Fed. Cas. No. 14,066. But I have been unable to find any authority which permits the striking out of a sole defendant and the substitution in his stead of another. The acts of conversion by the defendant as charged in the complaint were committed before the new company was organized. Under the stipulated facts the new company may be contractually liable for the value of plaintiff's ores converted by the old company to its use. For the purpose of holding the new company therefor, if it be held as a defendant, it would be necessary to amend the complaint by adding thereto allegations to the effect that it, for consideration received from the old company, had assumed and agreed to discharge the liability of the old company for said conversion. That would state a cause of action *ex contractu* against the new company, whereas the original complaint is in tort. Thus, the amendment sought would result in a radical change both in parties and substance. No authority has been cited which, in my opinion, permits this.''.

The plaintiff cites the case of *Geiger* v. *Sanitary Farm Dairies,* 178 N. W. 501, decided by the Supreme Court of Minnesota, in which it was held that where the purchaser of the property of a corporation assumes by a written agreement all the debts and obligations of whatsoever character of the vendor corporation, he also assumes an obligation to pay an existing liability arising in tort. We cannot decide in favor of the plaintiff on this ground. Should we do so, we would, in the decision of an incident of substitution of parties, be deciding what responsibilities the corporation United Porto Rican Sugar Co. assumed in the contract that is alleged to have been made with the Central Pasto Viejo, Inc. The case of *Geiger* v. *Sanitary Farm Dairies, supra,* did not deal with the substitution of one party for another. The transfer of interest alleged in this case has no direct connection with the subject matter of the action brought by Emilio Rivera Maldonado. In a verified motion, facts which need to be proved and which might be controverted are alleged. Without anticipating any judgment whatsoever as to the scope of such allegations, we are of the opinion that the substitution requested by the plaintiff should not be ordered.

The Supreme Court of California has decided that in cases of transfer of interest such transfer should be alleged in a supplemental complaint or answer. The Supreme Court of the United States, in the case *In re Connaway, Rec's of Moscow Nat. Bank,* 178 U. S. 431, originating in a California court, said:

"The procedure in California in case of the death of the defendant before service has not been ruled upon, but in case death occur after service, it was said in *Taylor* v. *Western Pacific R. R. Co.,* 45 Cal. 323, at page 337: 'It has been the uniform practice of the State from its organization, so far as we are advised, to permit the substitution to be made, or a suggestion of the death of the former party and satisfactory proof, on an ex parte motion, of the appointment and qualification of the administrator.'

"The same ruling was made in *Campbell* v. *West,* 93 Cal. 653. And the practice was emphasized by contract with that in case of a transfer of interest otherwise than by death. In such case the court said when the proceedings were set in motion by the plaintiff or the person to whom the transfer is made, or by the defendant if for any reason he desires to avail himself of such transfer for any purpose, it must be made by supplemental complaint or answer."

The case of *Campbell* v. *West, supra,* involved the interpretation of section 385 of the Code of Civil Procedure of California. This doctrine was confirmed in the case of *Ford* v. *Bushard,* 48 Pac. 119. Bancroft in his work "Code Pleading," vol. 1, p. 837, says:

"Where a defendant transfers his interest *pendente lite* the original plaintiff in order to acquire jurisdiction over the person of the transferee, if he so desires, must, by supplementary complaint and procedure, acquire such jurisdiction."

We are of the opinion that this Court lacks jurisdiction to grant the substitution in the instant case, in which the plaintiff has moved that the United Porto Rican Sugar Co. be substituted for the defendant Central Pasto Viejo, Inc. This Court may act in cases of death or incapacity properly decreed, but when there is involved a transfer of "any other interest" as to which a controversy may arise, the question

must be timely presented to the lower court by means of a supplemental complaint in accordance with the jurisprudence of California above cited.

The Supreme Court of said State, in the case of *Fay* v. *Steunbenrauch,* 72 Pac. 156, which was an application for the substitution of a party, declared that in every case of appeal to that Court, the cause is removed from the superior court only for the purpose of giving full and complete jurisdiction to the Supreme Court of such matters as are properly cognizable upon appeal. The view was taken that in the generality of cases the proper procedure would be to obtain the order of substitution in the first instance from the trial court, and make application to the Supreme Court for like substitution upon presentation of such order; and that in every case where the substitution is procured first in the Supreme Court, a like substitution should be made in the trial court.

For the reasons stated, plaintiff's motion must be denied.