**Mimi OLMSTEAD, Plaintiff,**

*v.*

**ALLSTATE INSURANCE COMPANY, a Corporation, Defendant.**

**Civ. A. No. C–2631.**

United States District Court, D. Colorado.

Jan. 6, 1971.

Phillips & Gresham, by Thomas C. Stifler, Colorado Springs, Colo., for plaintiff.

Burnett, Watson, Horan & Hilgers, by William P. Horan, Denver, Colo., for defendant.

## MEMORANDUM OPINION AND ORDER

CHILSON, District Judge.

The complaint asserts diversity jurisdiction and alleges that the defendant issued to one, Louis Campos, an automobile liability insurance policy; that thereafter, Campos was involved in an automobile accident as a result of which Mimi Olmstead, (the plaintiff in this action) recovered judgment against Campos in the District Court of El Paso County, Colorado, in excess of $21,000; that the policy limit was $10,000; that

defendant paid that amount to the El Paso County District Court in partial satisfaction of the judgment, and thereafter Campos assigned to Mimi Olmstead any cause of action he might have against the defendant for the judgment in excess of the policy limits.

By this action, Mimi Olmstead, as such assignee, seeks to recover the excess judgment from defendant, alleging that defendant was negligent in representing Campos, and that such negligence was the proximate cause of the excess judgment against him.

The defendant has moved to dismiss on the grounds that the cause of action is not assignable, and that the complaint fails to state a claim upon which relief can be granted.

The Court has considered the motion and the memorandum briefs filed in support of and in opposition thereto and concludes that if the cause of action is assignable, the complaint states a claim upon which relief may be granted; and if the cause of action is not assignable, it does not.

Since this is a diversity action, the substantive law of the State of Colorado governs the assignability or nonassignability of the cause of action here involved.

The general rule, established by the great weight of authority, is that if a cause of action is of such a nature that on the death of the party entitled to sue, the right of action would survive to his personal representative, it may be assigned; but, if the cause of action is such that it would not survive, it may not be made the subject of a valid assignment. 6 C.J.S. Assignments § 32, p. 1080; 6 Am.Jur.2d, Assignments, § 28 et seq.[1]

As early as 1898, the Colorado Court of Appeals recognized this rule in Mum-

---

[1] For a discussion of the application of this rule to causes of action of insureds against their insurance carriers where recovery was or may be in excess of the policy limits, see 12 A.L.R.3d P. 1158 et seq.

ford v. Wright, 12 Colo.App. 214, 55 P. 744 as follows:

"The test of assignability, according to the great weight of authority, is whether or not the cause of action would survive to the executors or administrators of the party in case of his death. If it would, then the claim would be assignable; if not, the converse would be true. This is the general rule, but not universally nor strictly true, because by statute some causes of action are made to survive which are not assignable. Our own supreme court says, 'The general rule is that assignability and descendability go hand in hand.' Home Ins. Co. v. Atchison, T. & S. F. R. Co., 19 Colo. [46] 49, 34 P. [281,] 282."

In 1933, in Gaskins v. Bonfils, 4 F. Supp. 547 (District of Colorado), Judge Symes, in reviewing the law of Colorado, stated:

"The policy of Colorado is indicated by Section 15 of the Colorado Code, providing that an action does not abate by the death of the party if the cause of action survives and may, upon motion, be continued against his representatives, etc.

"And Comp.Laws of Colo.1921, § 5383: 'All actions in law whatsoever, save and except actions on the case for slander or libel, or trespass for injuries done to the person, and actions brought for the recovery of real estate, shall survive to and against executors, administrators and conservators.'

"This section has been construed in Swartz v. Rosenkrans, 78 Colo. 167, 240 P. 333, citing with approval Portland Gold Min. Co. v. Stratton's Independence, supra (196 F. 714) and specifically deciding that as far as Colorado is concerned an action in tort arising out of the violation of property rights survives; that is to say, in effect, the death of a party will not abate an action against him to recover assets alleged to have been unlawfully taken.

"See, also, Kelley, Adm'x, v. Union Pacific Railway Co., 16 Colo. 455, 27 P. 1058, holding: 'The general rule in this state is that actions at law do not die with the person; the exceptions are specified by statute.' "

The Colorado legislature, in 1868, first dealt with the survival question by providing:

"All actions at law whatsoever save and except actions on the case for slander or libel, or trespass for injuries done to the person, and actions brought for the recovery of real estate, shall survive to and against executors and administrators."

Revised Statutes of 1868, p. 682.

The statute was amended in 1955 and 1959 (Session Laws of Colorado 1955, p. 944 and 1959, p. 837); as so amended, the statute presently reads in its pertinent parts as follows:

"All causes of action, except actions for slander or libel, shall survive and may be brought and continued notwithstanding the death of the person in favor of or against whom such action has accrued  *  *  *".

The cause of action here involved is one for damages for the alleged negligence of the defendant in failing to exercise due care and diligence in representing the defendant, Campos, in Olmstead's claim for damages resulting from the automobile accident.

■ We conclude that under the statutory and case law of the State of Colorado, this cause of action is one which would survive the death of Campos and is assignable.

The motion to dismiss the complaint should be denied.

It is therefore ordered that the motion to dismiss is denied, and the defendant shall answer the complaint within fifteen days from this date.