MICHAEL MURPHY, ADMINISTRATOR, *vs.* THE NEW YORK AND NEW HAVEN RAILROAD COMPANY.

The statute (Rev. Stat., tit 1, § 83,) provides that "actions for injuries to the person, whether the same do or do not result in death, shall survive to the executor or administrator." Whether, under this statute, an action can be maintained where the death was instantaneous: *Quere.*

An administrator brought an action against a railroad company for its negligence in running its cars, by means of which the intestate was run over and killed. On a hearing in damages the court found that the death was not instantaneous, but that there was a brief period of suffering, and assessed damages for the blow and the pain suffered, and in view of the negligence of the defendants assessed punitive damages. Held, on a motion of the defendants for a new trial—1. That this court could not review the finding of the court below, as to the death not being instantaneous. 2. That there was no error in the assessment of punitive damages in such a case.

ACTION on the case, brought by the plaintiff as administrator of the estate of John Murphy, for an injury to the intestate, through the negligence of the defendants, causing his death. A demurrer by the defendants was overruled and the case heard in damages.

On the hearing it was proved that the deceased, a boy about six years old, was playing at the time of the injury upon the track of the defendants' railroad in the city of New Haven, at a place where it was fenced in by a wall about three feet high, from the top of which there was a sloping embankment on each side ; that while he was so playing, a locomotive and train of cars came along around a curve at the rate of fifteen or twenty miles an hour and ran against him ; that the train was stopped without delay, and that when it was stopped the

body of the boy was seen lying upon the track between the baggage and first passenger car, and was apparently lifeless; that the brakes had been applied just before the boy was struck, and that the train was stopped in the ordinary manner, and, under the circumstances, as speedily as was practicable.

On this evidence the defendants objected to the allowance of any more than nominal damages, and claimed that the court should decide, as matter of law, that inasmuch as no perceptible time elapsed between the blow and the death, and inasmuch as the death was substantially simultaneous with the blow, no damage could be assessed for any thing but the smallest injury necessary to constitute a cause of action occasioned by the blow, there being no consequential damage in fact but the death itself, and that under such circumstances no punitive damages could be given.

The court was of opinion that the defendants were guilty of negligence in the conduct of the train, especially in its rate of speed at that place; and was also of opinion that the death of the deceased was not simultaneous with the blow which caused it, but that there was a brief interval of pain and suffering; and thereupon assessed damages for the blow and for the pain suffered, and in aggravation of damages took into consideration the negligence of the defendants, regarding the case as a proper one for damages to some extent punitive and exemplary, and assessed the damages at $750. The defendants thereupon moved for a new trial.

It is provided by statute (Rev. Stat., tit. 1, § 83,) that "actions for injuries to the person, whether the same do or do not result in death, shall survive to the executor or administrator."

*Dutton* and *Watrous*, in support of the motion.

Under the statute by which a right of action for an injury resulting in death survives to the administrator, there must have been a cause of action actually accruing and existing during the life of the deceased. If the death was instantaneous no right of action ever existed. *Carey* v. *Berkshire R. R. Co.*, 1 Cush., 475. *Connecticut Mut. Life Ins. Co.* v. *N.*

*York & N. Haven R. R. Co.*, 25 Conn., 265. The statute does not alter the common law rule in this respect. Such is the construction put upon a similar statute in Massachusetts. *Kearney* v. *Boston & Worcester R. R. Co.*, 9 Cush., 108. *Hollenbeck* v. *Berkshire R. R. Co.*, id., 478. It is manifest from the facts stated in the motion, that the death here was instantaneous. There was therefore no right of action which could survive. As however the defendants have demurred to the declaration, they have admitted the existence of a right of action, so that some damages must be assessed against them. These damages however should be merely nominal. The facts show that no actual legal damage existed. The demurrer admits merely the right to nominal damages. *Pease* v. *Phelps*, 10 Conn., 62. *Havens* v. *Hartford & New Haven R. R. Co.*, 28 id., 69. If we are not right in this view, yet the court erred in assessing punitive damages. To authorize the assessment of such damages there must be something more than mere negligence, something amounting to gross culpability. The court has merely found that the defendants were guilty of negligence in managing their train. This means nothing more than that they were guilty of want of ordinary care, which does not involve any intentional wrong, or wanton indifference. Sedgwick on Dam., 38, 453, 529. *St. Peter's Church* v. *Beach*, 26 Conn., 356. *Hurd* v. *Hubbell*, id., 389. *Dibble* v. *Morris*, id., 416. 2 Greenl. on Ev., §§ 253, 254, 266, and notes.

*Doolittle* and *Bronson*, contra.

The finding of the court below, that the death was not instantaneous, was one of fact which can not be reviewed here. The cases cited from the Massachusetts reports were cases where the inference drawn by the higher court was one of fact and not of law, a practice that differs from ours. With us the facts are found exclusively by the lower court. The Massachusetts statute also differs essentially from ours. The court committed no error in assessing punitive damages. It is found that the defendants were guilty of negligence, and the judge properly considered this fact in estimating the damages.

The damages were given for the blow and for the pain suffered before death, and not for the death itself. *Soule* v. *N. York & N. Haven R. R. Co.*, 24 Conn., 575. *Oldfield* v. *N. York & Harlaem R. R. Co.*, 4 Kern., 310.

HINMAN, J. We see no ground in this case for a re-assessment of the plaintiff's damages. It may be admitted, as claimed by the defendants, that the action rests upon the claim that the deceased suffered pain for the brief period that elapsed between the time of his death and the accident which caused it, for which he had a cause of action in his life-time, which has survived to his administrator by force of the statute, and still there can be no new trial or re-hearing upon the question of damages. Under our practice the facts must be taken to be precisely what they have been found to be by the superior court. We can draw no inferences of fact from any thing stated in the finding different from the inferences drawn in the finding itself. Any cases, therefore, in which the facts are somewhat similar to the present ones, coming from courts where the practice prevails of taking up for revision the facts as well as the law applicable to them, can be of no service to us. Here the court has found that the death was not simultaneous with the blow which caused it, but that there was an interval of pain and suffering for which damages were assessed. Of course we can not disregard this finding even if we doubted its correctness, which we do not. There was then an injury to the deceased in his life-time, for which substantial damages were recoverable ; and it is not made a point, and could not be on this motion, that these damages were estimated too high.

It is said, however, that the court erred in allowing to some extent punitive damages under the circumstances. But the case of *Linsley* v. *Bushnell*, 15 Conn., 225, so often recognized as the leading case on this point, clearly sanctioned the course adopted by the superior court.

We do not therefore advise a new trial.

In this opinion the other judges concurred.

New trial not advised.