# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

FORE ·v. CAMPBELL.

JANUARY 27th, 1887.

Absent, LEWIS, P.

1. PRINCIPAL AND AGENT—*Powers.*—Agent acting beyond scope of authority, cannot bind principal. Agent specially empowered to rent or sell real estate, has no authority to permit adjacent landowner to change lines or move fences.
2. UNLAWFUL ENTRY AND DETAINER—*Right of action.*—If one enter upon land of another unlawfully, the latter is entitled to recover the possession of the land by this action without regard to right of possession. Possession under claim of title is all that is necessary to maintain it.

Error to judgment of circuit court of city of Richmond, rendered February 18, 1885, in an action of unlawful entry and detainer, wherein Miss Fore was plaintiff and T. P. Campbell was defendant. Verdict and judgment were for the defendant. To certain rulings of the court at the trial, the plaintiff excepted, and the evidence was certified. A writ of error was awarded her.

Opinion states the case.

*Cannon & Courtney*, for the plaintiff in error.

*Turpin & Harrison*, for the defendant in error.

LACY, J., delivered the opinion of the court.

This is a writ of error to a judgment of the circuit court of Richmond, rendered on the 18th day of February, 1885. The case is briefly as follows: In January, 1884, the plaintiff in error and the defendant in error were the owners of adjacent lots in the city of Richmond, each holding by title not disputed. The defendant in error resided upon his lot. The plaintiff in error resided in a distant part of the State. Her lot was rented out by J. T. Brown, a real estate agent of this city, to a tenant who resided thereon. On the 23d of the said month of January, 1884, the defendant in error addressed to the plaintiff in error the following letter:

"Dear Miss,—You have on the east side of your house, between the building and the dividing fence (that is, on the side next to the writer of the note), about 12 feet, and as I have only about 2½ or 3 feet, and being desirous of having an alley-way on the west side of my house, I wish to know if you will sell me *about two feet,* and if so, at what price? If you are willing to sell, and not prepared to state the price, and if you are willing to leave it to Mr. Rose, write him and me. *An early reply desired.*

"Yours respectfully,

"T. P. CAMPBELL."

To this letter the plaintiff replied promptly, refusing to sell the required *two feet;* but no copy was retained by Miss Fore, and Campbell has not produced it. Campbell, in February, 1884, went upon the lot of Miss Fore, and changed the fence so as to give him the two feet of ground, which he had been unable to buy, and, when remonstrated with by the tenant in the occupation of the Fore lot, gave as his authority Brown,

VOL. LXXXII—102

the real estate agent mentioned above, and moved the fence from the alley to Miss Fore's coal-house, widening his own lot two feet at the expense of her lot, which thus had two feet cut off of it. The plaintiff in error first heard of this proceeding in July, 1884, and immediately set about the business of recovering the possession of her lost ground. And on the 4th of August, 1884, Brown, the real estate agent, wrote the following note to Campbell, which explains itself:

"Dear Sir,—Mr. H. G. Cannon, Miss Fore's counsel, informed me this morning that you had no legal right to move Miss Fore's fence, and that you must put it back. When *you approached me* with survey, *and stated her fence was on your ground,* on that condition I consented for you to move it; but Mr. Cannon informs me that in that you were mistaken, and says that you must put back the fence. I write to ask you to do so to save any further trouble.

"Yours respectfully,

"J. THOMPSON BROWN."

This Campbell refused to do, and the plaintiff in error brought her action of unlawful entry and detainer. The plaintiff in error asked an instruction, which the court refused, and, on the motion of the defendant, gave the following: "If the jury shall believe from the evidence that the defendant made the change in the fence dividing his property and that of the plaintiff with the knowledge and consent of J. Thompson Brown, and that the said Brown represented the defendant in the city of Richmond, in the renting of her said property, and the control thereof, as her real estate agent, they should find for the defendant." There was a verdict for the defendant, and judgment by the court; the court having overruled the motion of the plaintiff to set aside the verdict and grant a new trial, etc.

There was evidence in the case tending to show that J. Thompson Brown was the real estate agent of the plaintiff, for the purpose of renting out her property, and for the sale of it, at the price fixed by the owner; but there was no evidence tending to show that he was her agent to divide her lot, or to rearrange her boundaries—a subject as to which she had no knowledge and no notice whatever, and concerning which she had done no act, directly or indirectly, and about which Campbell gave no hint in his letter of January, 1884, when he applied for the purchase of the desired two feet. Brown, as real estate agent, was possessed of no such power or authority; and knowledge of this want of authority will be imputed to Campbell by the law. Brown was employed as agent, to act specially concerning the renting out of the real estate, and the selling it at a stated price; that is, he was employed to act concerning some particular objects, and his act exceeds the special and limited authority conferred on him, and his principal is in no way bound by his acts, but they are mere nullities, so far as they can be used to bind his principal; but there is no doubt that the want of authority of this agent in this particular was well known to Campbell, as, although in close proximity to him, he did not apply to him for the desired two feet until he had first applied to the distant owner, and been refused by her, and the letter of Brown in the record recited above tends to show how he was induced to act in the premises. It follows that this instruction was improperly given by the court, and for that the judgment of that court will be reversed and annulled, and the cause remanded to the said circuit court, where the verdict will be set aside, and a new trial had therein; when, if the same evidence is adduced as at the former trial, and the same instruction asked by the plaintiff as at the former trial, the same must be given.

If the defendant entered upon the land of the plaintiff unlawfully, the plaintiff is entitled to recover the possession of the land without any regard to the right of possession. Her actual possession gave her the right of possession against any person not having a right of entry. There was evidence tending to show that the plaintiff was in actual possession of this disputed piece of land, and was so in possession three years prior to the commencement of the action, and had been in continuous actual possession of the same, claiming title under deed of bargain and sale, for more than fifteen years before the actual removal of the line fence; and there was evidence at least tending to show that the fence was removed without the consent of the plaintiff, and without her knowledge. The circuit court should, therefore, have given the instruction asked for by the plaintiff, as it was not in the power of the defendant, by his forcible entry on the land, to change the right of possession. The defendant could not assume and exercise lawfully the power to adjudge his own dispute with his neighbor; and his unlawful act gave him no new rights, and took none away from his neighbor, who, under the circumstances claimed by her, if true, is entitled to recover in this action that of which she has been unlawfully deprived by the defendant's unauthorized acts—to wit, the possession of the disputed ground.

The said judgment will, therefore, be reversed and annulled, and the case remanded for a new trial to be had therein in accordance with this opinion.

JUDGMENT REVERSED.