# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

## JORDAN v. KATZ.

### February 9th, 1893.

1. LANDLORD AND TENANT—*Estoppel.*—The general rule that tenant can-
   not deny his landlord's title is not affected by the fact that the
   tenant is in actual possession under a contract of purchase at the
   time he accepts the lease. *Locke* v. *Frasher,* 79 Va. 409.

2. CONTRACT—*Rescission.*—A written contract, creating an equitable in-
   terest in land, may be rescinded, waived, or abandoned by a subse-
   quent distinct and independent parol agreement between the par-
   ties, partially acted on or fully performed by them. *Phelps* v.
   *Seely,* 22 Gratt. 573.

3. CASE AT BAR.—J bargained for land, and, at his request, K paid for
   it, and took a deed to himself. J took possession, and made several
   small payments to K; but later, on his default, K, with J's verbal
   consent, put the property in the hands of a real estate agent, who
   rented it to J.

HELD:

> J having admitted himself to be the tenant of K, was estopped
> to claim any rights under the above deed treated as a
> mortgage.

Appeal from decree of circuit court of city of Lynchburg,
rendered August 15th, 1890, in a cause wherein Stephen Jor-
dan was complainant and John Katz defendant. The decree
being adverse to complainant, he appealed. Opinion states
the case.

*W. W. Larkin,* for appellant.

*N. C. Manson, Jr.,* for appellee.

LEWIS, P., delivered the opinion of the court.

In December, 1887, the appellant, who at the time was an employee in the tobacco factory of the appellee (the defendant below), contracted for the purchase of a lot in Lynchburg, upon which to erect a dwelling. To carry out his purpose, he applied to the appellee for assistance, who agreed to pay for the lot and for building the house, which he did. The sum thus paid was about three hundred dollars, and as a security therefor a deed to the property was taken in the appellee's name:

The appellant agreed to pay seven dollars a month on the debt, until the whole should be paid; but in this he made default, although he from time to time made sundry small payments. Upon the completion of the house he took possession, and enclosed it, and about a year thereafter quit the service of the appellee. The latter then called upon him to comply with his contract, and furnished him a detailed statement, showing a balance due by him of $269.21. This not having been paid, the appellee, on the 24th of January, 1890, with the acquiescence of the appellant, placed the property in the hands of Tyree & Wilkins, real estate agents, to be rented, who rented it to the appellant for a stipulated sum; and it appears that he afterwards paid two months' rent, for which he took receipts. There is also copied into the record a memorandum, in the appellant's handwriting, which is as follows: "Mr. John Katz's property was placed in the hands of Tyree, auctioneer, Jan. 24, 1890. I commenced to rent on the same day from Tyree"—referring to the property above mentioned.

The relation of landlord and tenant, thus established, continued, without any objection on the appellant's part, until some time in the month of April following, when—the property in the meantime having increased in value—he declined to pay any more rent. The appellee then threatened to bring an action to recover possession, whereupon the appellant in-

stituted the present suit, praying for an injunction, and claiming that the deed taken in the name of the appellee was, in reality, a mortgage, and that he (the appellant) was entitled to redeem. An answer was filed and depositions were taken, and when the cause came on to be heard the bill was dismissed by the decree complained of.

This decree is clearly right. Whatever rights the appellant had under the deed just mentioned were waived and relinquished by the subsequent parol agreement under which he became the tenant of the appellee, and by which, upon principles of justice and good faith, he is estopped to deny the title thus recognized.

In *Lucas* v. *Brooks*, 18 Wall. 436, it was held to be undoubted law that a person in possession of land, who takes a lease from another who has bought and claims it, is estopped from denying the title of such other person, or from showing that such person was but a trustee for him. And in *Phelps* v. *Seely*, 22 Gratt. 573, the principle was recognized as well settled, both in England and America, that a written contract, creating an equitable interest in land, may be rescinded, waived, or abandoned by a subsequent distinct and independent parol agreement between the parties, partially acted on or fully performed by them.

In the present case there is no proof of fraud, imposition, unfairness, mistake, or misapprehension of fact. On the contrary, the record shows, affirmatively, the *bona fides* of the transaction, and that when the appellant abandoned his rights under the deed, and recognized the title of the appellee, by accepting a lease of the premises, he was fully cognizant of his rights and of the amount of his indebtedness to the appellee.

The case is ruled by *Locke* v. *Frasher*, 79 Va. 409, where it was held that the operation of the general rule that the tenant cannot deny his landlord's title is not affected by the

fact that the tenant is in actual possession, under a contract of purchase, at the time he accepts the lease; that by such acceptance he as effectually recognizes the title and possession of the lessor as if he had entered and taken possession under and by virtue of the lease itself. And to the same effect is *Emerick* v. *Tavener*, 9 Gratt. 220.

It was charged in the bill, and there is evidence in the record tending to show, that, after the acceptance of the lease, the appellee agreed to permit the appellant to redeem the property ; but this is denied by the appellee, and, had the alleged agreement been established, it would not be enforceable for want of a valuable consideration.

DECREE AFFIRMED.