Ross Worrie and Charles E. Baily, Etc. v. Christine Boze and Lynn J. Boze, Partners Trading and Doing Business Under the Firm Name and Style of Arthur Murray Studio.

March 11, 1957.

Record No. 4586.

Present, Hudgins, C. J., and Eggleston, Spratley, Buchanan, Miller and Whittle, JJ.

*Upon Rehearing, March 11, 1957.*

*Per Curiam.*

In our former opinion we affirmed a judgment entered upon a verdict awarding compensatory and punitive damages to the plaintiffs below. (198 Va. 533, 95 S. E. 2d 192.) Against the defendants' contention that the plaintiffs' claim was barred by the one-year statute of limitations, we held that the plaintiffs' claim for both compensatory and punitive damages was of such nature that it would survive the death of the plaintiffs, and that hence the limitation thereon is five years and not one year. Code, § 8-24. (198 Va., at pages 536-7, 95 S. E. 2d, at pages 195-6.)

In a petition for a rehearing the defendants have challenged the soundness of this holding with respect to the plaintiffs' claim for *punitive* damages, contending that such claim would not survive. We granted a rehearing limited to the question "whether the plaintiffs' claim for punitive damages is of such nature that it would survive in the event of the death of the plaintiffs." After a careful reconsideration of the matter we adhere to our view that such claim would survive the death of the plaintiffs and that the limitation thereon is five years.

In their petition for a rehearing the defendants have cited a number of authorities holding that a claim for punitive damages does not survive the death of the wrongdoer and cannot be asserted against his personal representative.

These authorities are beside the point. We are not here concerned with whether a plaintiff's claim for punitive damages would survive the death of the defendant tort-feasor and could be asserted against his personal representative. Our inquiry is whether such claim would survive the death of a plaintiff and could be asserted by the plaintiff's personal representative against the wrongdoer. The authorities agree that in the absence of a contrary statutory provision, these latter inquiries should be answered in the affirmative.

In 25 C. J. S., Damages, § 124, p. 731, it is said: "While, in the case of a right of action which does not survive the death of the injured person, the incidental right to exemplary or punitive damages does not survive, and while statutes sometimes prevent the assessment of such damages in actions which survive, in general the representative of a decedent may recover exemplary damages where the right of action survives."

In 1 C. J. S., Abatement and Revival, § 138, p. 190, it is said: "While a personal representative who sues or continues a suit on a cause of action ex delicto in favor of his decedent can recover on so much of the cause of action only as survives, ordinarily where a cause of action ex delicto survives the death of the person injured, it survives in its entirety so as to entitle the personal representative to recover exactly the same damages as his decedent might have recovered. * * *"

Among the authorities supporting the view that the personal representative of the person wronged may recover punitive or exemplary damages of the wrongdoer are, *Swartz* v. *Rosenkrans*, 78 Colo. 167, 240 P. 333; *Murphy* v. *New York & N. H. R. Co.*, 29 Conn. 496; *Wagner* v. *Gibbs*, 80 Miss. 53, 31 So. 434; *Sherman* v. *Johnson*, 58 Vt. 40, 2 A. 707.

The judgment is

*Affirmed.*