## CIRCUIT COURT OF FAIRFAX COUNTY

Brown et al.

v.

Holland et al.

September 27, 1989

Case No. (Law) 92154

By JUDGE JACK B. STEVENS

This matter has been under advisement by the Court upon the defendants' Demurrer and Plea in Bar; the Plea being based upon the contention the various counts of the Motion for Judgment are barred by the one year limitation of § 8.01-248, Code of Virginia (1950), as amended. At oral argument, counsel for plaintiff agreed that Counts II and VI are barred by the one year statute. For the reasons stated hereafter, the Plea in Bar is sustained as to Counts I, II, III, and VI. The Demurrer is sustained as to Counts IV and V with leave to amend granted.

### The Plea in Bar

Counts I, II, III, and VI are clearly governed by Section 8.01-248 as personal actions for which no limitation is otherwise prescribed and subject to the one year statute of limitation specified.

The statute commenced to run as to Counts I (false arrest) and II (false imprisonment) at the time of plaintiff's arrest on July 28, 1987. Suit having been filed on July 28, 1989, these Counts are barred.

The statute commenced to run on Count III (malicious prosecution) on November 6, 1987, the time the plaintiff alleges he was found "not guilty," § 8.01-249(3), Code of Virginia (1950), as amended. More than one year having passed before filing, this Count is likewise barred.

While the Motion for Judgment is not entirely clear, the statute on Count VI (Libel) commenced to run no later than July 28, 1987, and this Count is likewise barred.

The Court finds that Counts IV and V are not governed by § 8.01-248, however, and are therefore not subject to the one year statute. Count IV alleges, in spite of much surplusage, a tortious interference with contract. It would thus be governed by § 8.01-243(B) and a five year statute and not be time barred. See *Worrie v. Boze*, 198 Va. 533, 95 S.E.2d 192 (1956), *aff'd on rehearing* 198 Va. 891, 96 S.E.2d 799 (1957).

Count V alleges that plaintiff, Sheila S. Brown, suffered intentional infliction of emotional distress by virtue of defendants' actions; a personal injury governed by § 8.01-243(A) and a two-year statute of limitations. Since the statute does not commence to run until the day following the event, *i.e.*, July 29, 1987, this Count is likewise not time barred. Section 1-13.3, Code of Virginia (1950), as amended.

## The Demurrer

Count IV alleges a tortious interference with the employment contract between plaintiff and defendant, Mt. Pleasant Baptist Church. Such a cause of action cannot exist as pleaded here. One cannot tortiously interfere with one's own contract. One may breach that contract but cannot tortiously interfere with it, at least not with one's self or with one's officers or agents as alleged here. *Fox v. Deese*, 234 Va. 412, 427 (1987). *See also Chaves v. Johnson*, 230 Va. 112, 120 (1985), and *Duggin v. Adams*, 234 Va. 221, 226-27 (1987). There is no allegation that would support any claim that the defendants acted in any individual capacity. The Demurrer is therefore sustained as to Count IV.

Count V, while alleging intentional infliction of emotional distress is subject to demurrer because of failure to allege any physical injury or otherwise meet

the required allegations for an exception to the general rule as set forth in *Naccash v. Burger*, 223 Va. 406, 290 S.E.2d 825 (1982). The Demurrer is therefore sustained as to Count V.

For the reasons set forth above, counsel for defendants will please draft an Order reflecting the Court's ruling herein and forward the same to counsel for plaintiffs for endorsement and presentment to the Court for entry, preserving all objections and granting leave to file an Amended Motion for Judgment as to Counts IV and V only within twenty-one days of the Order.