## CIRCUIT COURT OF FAIRFAX COUNTY

Erlinda Reyes

v.

Ronald K. Jones et al.

August 31, 1993

Case No. (Law) 121470

BY JUDGE GERALD BRUCE LEE

This matter is before the Court on Plaintiff's Motion to Reconsider the Court's ruling sustaining Defendant's Plea in Bar/Motion to Dismiss based on res judicata and collateral estoppel. For the reasons set forth below, the Court grants Plaintiff's Motion to Reconsider and denies Defendant's Plea in Bar/Motion to Dismiss.

### Factual Background and Procedural History

This case is a suit for fraud and breach of contract stemming from a real estate transaction. The allegations of the motion for judgment are summarized as follows: On February 20, 1989, Plaintiff, Erlinda Reyes submitted a mortgage refinance application to defendant, Angele Frantz, an employee of Acacia Mortgage at the company's office. On March 6, 1989, Frantz informed Reyes that her Acacia Mortgage application had been denied. Reyes alleges that Frantz misrepresented Acacia's denial of her mortgage application. Acacia had not considered the application because Frantz canceled Reyes' application.

Frantz suggested that Reyes consider alternative financing, specifically an Equity Share Agreement ("ESA") with Frantz and Ronald Jones, an Acacia co-worker. Reyes alleges that Frantz and Jones diverted her application from Acacia Mortgage and persuaded Reyes to enter into their Equity Share Agreement.

Reyes alleges that Frantz and Jones made false statements to obtain a conveyance of her property to them. Reyes alleges that Frantz and Jones represented to her that the ESA would convey 40% ownership interest in the equity of Reyes' townhome to them. Reyes agreed to the ESA and transferred her interest in the property to R. K. Jones and Frantz with the understanding that she would retain an ownership interest in the property; and that Jones and Frantz would hold the title as tenants in common. In turn, Frantz and Jones would refinance the two mortgages on the property for Reyes.

On April 20, 1989, Reyes conveyed the property to R. K. Jones, M. Jones, and Frantz. From April 1989, to about February 1991, Reyes continued to reside in the townhome and make monthly mortgage payments to R. K. Jones, M. Jones and Frantz which were sent to Acacia Mortgage. In February 1991, the Defendants obtained a Writ of Eviction/Possession through an unlawful detainer action in the General District Court of Fairfax County based on Reyes' unpaid contributions on the ESA. Reyes requested that the action be removed to the Circuit Court based on an affidavit of substantial defense, fraud. For reasons unknown to this Court, Reyes' motion for removal was withdrawn and the case was heard in General District Court. At the General District Court hearing, Reyes learned that she was no longer a named owner of the property because the deed she signed for Frantz and Jones conveyed all of her interest to them. The General District Court granted possession of the townhome to R. K. Jones, M. Jones and Frantz.

Subsequently, Reyes filed an Amended Motion for Judgment in the Circuit Court against the Defendants alleging fraud and breach of contract arising from the ESA and conveyance of the property. Defendants filed a Plea in Bar/Motion to Dismiss based on the doctrines of res judicata and collateral estoppel. On July 11, 1993, this Court sustained the Plea in Bar/Motion to Dismiss Count I of Plaintiff's Amended Motion for Judgment, dismissing Acacia Mortgage as a party defendant. After considering the Motion to Reconsider and the Defendant's July 11 hearing briefs, the Court grants Plaintiff's Motion to Reconsider.

*Plea in Bar/Motion to Dismiss:*
*Res Judicata and Collateral Estoppel*

*Res Judicata*

Defendants' Plea in Bar/Motion to Dismiss asserts that the issues raised in the General District Court unlawful detainer action are the identical issues raised by Plaintiff in Count I of the Amended Motion for Judgment, and therefore this action should be barred by the doctrine of res judicata.

Res judicata rests upon considerations of public policy which favor certainty in the establishment of legal relations, demand an end to litigation and seek to prevent the harassment of parties. *Bates v. Devers*, 214 Va. 667, 202 S.E.2d 917 (1974). To apply this doctrine four elements must be present: (1) identity of the remedies sought; (2) identity of the cause of action; (3) identity of the parties; and (4) identity of the quality of the persons for or against whom the claim is made. *Smith v. Ware*, 244 Va. 374, 376, 421 S.E.2d 444, 445 (1992).

In this case the defendants' plea fails to meet the first three elements of res judicata. The first element, "identity of remedies," are different in the two causes of action. The unlawful detainer action is a statutory summary proceeding which tests competing claims for the right to immediate possession of real property and money damages for restitution. Va. Code Ann. § 8.01–124 (1992 & Supp. 1993); *Smith v. Ware*, 244 Va. 374, 377, 421 S.E.2d 444, 445 (1992); *Grundy v. Goff*, 191 Va. 148, 159, 60 S.E.2d 273, 278 (1950). The Court in an unlawful detainer action restores the status quo of the parties as to possession and does not address issues regarding title. *Smith*, at 377. Accordingly, the only issue decided in the February 1991, unlawful detainer action was, as between these parties, who has the right to immediate possession. *Davis v. Mayo*, 82 Va. 97 (1886); *Fore v. Campbell*, 82 Va. 808, 1 S.E. 180 (1887). The remedy requested in this suit for fraud is monetary damages. Comparing the remedies sought by the Defendants in the unlawful detainer action with the remedy sought by the plaintiff in this suit for fraud, the Court concludes, there is not an "identity of remedies."

The second element of res judicata is "identity of the cause of action." The unlawful detainer action is a statutory cause of action for the recovery of possession of land. Va. Code Ann. § 8.01–124 (1992 & Supp. 1993). Reyes asserts a cause of action for fraud in Count I of the

Amended Motion for Judgment. The elements necessary to allege fraud are: (1) a false misrepresentation; (2) of a material fact; (3) intentionally and knowingly made; (4) with the intent to mislead; (5) reliance by the party misled; and (6) resulting in damage to the party misled. *Batrouny v Batrouny*, 13 Va. App. 441 (1991). There is no "identity of the cause of action" between an unlawful detainer action and an action for fraud.

The third element of res judicata is that the "identity of the parties" in the litigation are the same. The third element of res judicata is demonstrated if the same person litigates for a second time "precisely the same question, particular controversy or issue which has been necessarily tried and finally determined, upon the merits, by a court of competent jurisdiction, in a judgment in personam in a former suit." *Mowry v. City of Virginia Beach*, 198 Va. 205, 211, 93 S.E.2d 323, 327 (1956). The initial proceeding was brought by R. K. Jones, M. Jones, and Frantz against Reyes. However, this suit for fraud is brought by Reyes against R. K. Jones, M. Jones, Frantz, and Acacia Mortgage. Accordingly, there is no "identity of the parties."

In analyzing the fourth element, "identity of quality of parties," this Court is unable to discern from the pleadings whether this element has been established. However, there must be a concurrence of all four elements of res judicata for the doctrine to be applicable. Since the Defendants have not established the first three elements of res judicata it is unnecessary to expound upon the fourth element.

*Collateral Estoppel: Acacia Mortgage's Motion to Dismiss*

First, Acacia Mortgage argues that if the Court sustains R. K. Jones', M. Jones', and Frantz's Plea at Bar/Motion to Dismiss then it too must be dismissed as a party defendant. Acacia asserts that its liability derives only from its employees/agents and that no further action can be maintained against the principal when the issue of liability has been resolved in favor of the alleged employees.

As previously stated, an unlawful detainer action settles only the issue of possession. The issue of defendants liability for fraud was not resolved in the unlawful detainer action judgment in favor of the Defendants. Moreover, in order to assert the preclusive effect of collateral estoppel in a principal/agent relationship "it must appear that the agent or servant was acting within the scope of authority conferred upon him, or that his action, if not so authorized, has since been ratified by

the principal or master." *City of Richmond v. Davis*, 135 Va. 319, 116 S.E. 492 (1923). Acacia has not ratified the acts of the defendants nor authorized the scope of the authority of Jones and Frantz's execution of the ESA. The doctrine of res judicata does not apply to Acacia's employees, hence it does not apply vicariously to the principal, Acacia Mortgage.

Second, Acacia argues that Plaintiff should be collaterally estopped from bringing the action of fraud. Acacia contends that since Plaintiff asserted fraud as a defense in the Unlawful Detainer action, Plaintiff should be precluded from alleging fraud against Defendant, Acacia Mortgage.

Collateral estoppel is the preclusive effect impacting in a subsequent action based upon a collateral and different cause of action. *Bates*, at 671. In the subsequent action, the parties to the first action and their privies are precluded from litigating any issue of fact actually litigated and essential to a valid and final personal judgment in the first action. *Id.*, at 671. The issues in this case are fraud and breach of contract. In the General District Court action, the issue was the right to immediate possession of property. Reyes asserted fraud as a defense in the unlawful detainer action. However, the limited scope of the unlawful detainer proceeding did not enable Reyes to fully litigate the issue of fraud. Moreover, a judgment against a Defendant in an action of unlawful detainer is no bar to his right to bring a suit in Chancery to set aside the deed on the basis of fraud. *Harrison v. Manson*, 95 Va. 593, 29 S.E. 420 (1898).

In light of the analysis of the plea in bar and motion to dismiss, the Court grants the Motion to Reconsider and denies the Plea at Bar/ Motion to Dismiss since Defendants have failed to prove by a preponderance of the evidence that the claim or issue should be precluded. The defendants in this case are Ronald Jones, Margaret Jones, Angele Frantz, and Acacia Mortgage. R. K. Jones, M. Jones, and Frantz were the named Plaintiffs in the unlawful detainer action in General District Court. As far as the Court can discern, Acacia was not a party to the unlawful detainer proceeding. For the purposes of clarity, the term "Defendants" refers to all those named in the Amended Motion for Judgment, otherwise the Court will name the parties individually. Margaret Jones, wife of Ronald Jones is named as a party defendant. It does not appear that she was an employee of Acacia Mortgage at the time of the Reyes transaction. References to Jones refer to Ronald

Jones unless otherwise stated. Reyes contends that the property was encumbered by two separate deeds of trust totalling $109,000. The property had a fair market value of $159,000.