## CIRCUIT COURT OF FAIRFAX COUNTY

Columbia National, Inc.

v.

Lafayette Park
Unit Owners Association

May 20, 1996

Case No. C-143592

BY JUDGE F. BRUCE BACH

This matter comes before the Court on Defendant Lafayette Park Unit Owners Association's Motion to Dismiss Plaintiff Columbia National, Inc.'s Bill of Complaint. Defendant Lafayette Park Unit Owners association ("Lafayette") argues that the Bill of Complaint should be dismissed because there is pending in this Court another action, Chancery No. 136886, in which the parties represent the same interests and the same object is sought. Lafayette argues that the whole effect of this action is attainable in C-136886.

Complainant Columbia National, Inc. ("CNI") argues that, in the instant case, it seeks declaratory relief regarding all liens asserted by Lafayette and that this relief was not pleaded in C-136886. CNI asserts that the causes, the bases of the claims asserted, the evidence, and the relief sought in these cases are dramatically different. Finally, CNI argues that there is no fact or legal principle which would prevent CNI from proceeding in the instant action and that this is not a situation of multiplicity of suits.

An examination of the relief sought in the present action shows that it differs from the relief sought in the other action. In C-136886, Lafayette brought its action against several parties, including Columbia National, Inc., instituting a lien foreclosure of certain property. In that case, Lafayette sought to compel a sale in which the subject property would be sold and the proceeds distributed to the lien holders according to their priority. However, the owner of that property filed a bankruptcy petition and that action is stayed. In the instant case, CNI asks the Court to declare its lien

as senior to the other liens on the property and to declare that Lafayette is not entitled to carry out the sale pending in the earlier action. CNI also requests the Court to order Lafayette to cease and desist in its efforts to disrupt the purchase money first trust lien held by CNI, and if necessary, to issue a mandatory injunction to accomplish this end.

I find that these two cases are sufficiently different to allow them to proceed separately. The cases involve different parties and different claims. Although CNI could achieve certain relief in C-136886, it may achieve its desired relief in the present action. Further, the prior action is presently stayed, and CNI cannot proceed in that action. I find that there is no issue of identical claims on identical issues raised, because there is no identity of remedies sought nor an identity of the causes of action. *Smith v. Ware*, 244 Va. 374 (1992). No judicial inefficiency will result by allowing these two cases to proceed separately. I find that any award of costs, expenses, or attorney's fees is inappropriate at this time.