COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Bumgardner and McClanahan
Argued by teleconference


REBECCA AMARANTIDES, N/K/A
 REBECCA ELLIOTT, F/K/A
 REBECCA COLONNA
                                    MEMORANDUM OPINION[*] BY
v.    Record No. 2838-02-4      JUDGE ELIZABETH A. McCLANAHAN
                                          JULY 15, 2003
JOHN AMARANTIDES


             FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                      Stanley P. Klein, Judge

          A. L. Robertson, Jr. (Law Office of Lewis and
          Associates, on brief), for appellant.

          Thomas D. Hughes IV (Law Offices of Thomas D.
          Hughes, IV, on brief), for appellee.


     Rebecca Elliott, nee Amarantides (wife), appeals an award

of attorney's fees and costs to John Amarantides (husband) in a

child custody dispute.  Wife contends: (1) the trial court

abused its discretion in hearing a motion for award of fees and

costs after the Supreme Court of Vancouver, British Columbia,

had already ruled on the same issue; and (2) husband was

precluded from relitigating the issue of fees and costs by the

doctrine of res judicata.  The two questions raise a single

issue, which is whether the trial court erred in granting

_____

     [*] Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

husband's motion on fees and costs.  For the reasons that follow, we affirm the judgment of the trial court.

## I.  Background

The parties married on August 12, 1994.  One child was born of the marriage on December 27, 1995.  In February 1997, the parties separated.  They were divorced by final decree on June 11, 1999.  Husband was awarded primary physical custody of the child in a June 23, 1999 order.  In February 2001, during what was supposed to have been a one-week access visit, wife, without permission of husband, and in violation of the custody order, left Virginia with the child.

In June 2001, husband located wife and child in Vancouver, British Columbia and began proceedings to retrieve the child. On July 4, 2001, the Canadian court granted husband's request and allowed him to return to Virginia with the child.  Just before the close of the hearing, husband's counsel stated that he wanted to submit actual costs under the Hague Convention. The Canadian judge replied, "In this situation, I think I can stop you.  In the present situation I would not be ordering costs."  Counsel replied, "Very well, my lord."  The judge continued, "If it were a stranger to the child, that would be a different ball game.  But it's not it's the mother.  Thank you."

In April 2002, husband petitioned the Virginia circuit court for a rule to show cause against wife, arguing that she was in contempt of court for failure to pay court-ordered child

support and that she was responsible for the expenses husband incurred to have the child returned from Canada.  The court held a show cause hearing on July 25, 2002, at which the trial judge held wife in contempt of court.  In order to purge herself of the contempt, wife was required to pay $18,375.34, which included the support arrearage and husband's fees and costs associated with retrieving the child from Canada.

On July 26, 2002, the court entered an order acknowledging that wife had tendered $10,000, depositing the funds into chancery, and held disbursement of the funds until further order of the court.  On August 2, 2002, the court entered a final order, finding wife in contempt of court and disbursing the previously tendered funds to husband.[1]  This appeal followed.

## II.  Analysis

"The bar of res judicata precludes relitigation of the same cause of action, or any part thereof, which could be litigated between the same parties and their privies."  Smith v. Ware, 244 Va. 374, 376, 421 S.E.2d 444, 445 (1992).  Wife claims she preserved the res judicata issue in the "Transcript of July 25, 2002 Show Cause Hearing," but she did not include that

---

[1] Code § 19.2-318 provides for the appeal of contempt matters to this Court.  In her "Amended Notice of Appeal," wife appeals the trial court's order of July 25, 2002, "memorialized on or about August 2, 2002."  "The contempt decree imposed a sentence and adjudicated all issues; it was final, and this Court ha[s] jurisdiction of the appeal."  Peet v. Peet, 16 Va. App. 323, 326, 429 S.E.2d 487, 490 (1993).

transcript in the record submitted to this Court. Therefore, we cannot determine what arguments were presented to the trial court or on what basis the court determined it could hear the issue. The trial judge did not address the res judicata issue in his order.

Wife included in the appendix submitted to this Court a "Memorandum in Opposition to Request for Fees and Costs," which includes a res judicata objection. However, the memorandum does not appear in the trial court record, and it indicates that it was served on husband the same day as the hearing and the trial judge's order, July 25, 2002. Because there is no indication that the memorandum was presented to the trial court, nor any other evidence that the res judicata objection was raised before the trial court, this Court cannot determine whether the res judicata objection was, in fact, raised. This Court will not consider an argument on appeal that was not presented to the trial court. Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998); Rule 5A:18.

Because the issue was not properly preserved, we find no error in the trial court, and we affirm.

Affirmed.