# CIRCUIT COURT OF SPOTSYLVANIA COUNTY

Willard Harvey Shepherd et al.

v.

Alverne W. Perry et al.

February 12, 2004

Case No. CH03-825

BY JUDGE WILLIAM H. LEDBETTER, JR.

Four testamentary beneficiaries have brought suit to surcharge and falsify the ex parte settlements of periodic accounts by the co-executors of the estate. In response, the co-executors contend that the doctrine of res judicata bars the suit as a result of previous litigation between the parties.

## Background Facts

All of the parties to this suit are children of James Cecil Shepherd who died testate in 2000. Perry and Seal, two of the children, qualified as executors, posted bond, and filed accountings with the commissioner of accounts. With some minor adjustments, the accounts were settled through April 10, 2002.[1] According to the allegations in the bill, these settlements were ex parte, and nothing in the co-executors' responses indicates otherwise.

The court heard arguments on the plea of res judicata, and related matters, on January 20, 2004. This opinion addresses those issues.

## Analysis

The co-executors correctly observe that these parties have been involved in previous litigation. To determine whether the doctrine of res judicata, or

---

[1] A third accounting has been filed, but the suit does not address activity during the period covered by that accounting, April 10, 2002, to January 10, 2003.

its sister doctrine, collateral estoppel, applies, the precise issues raised and adjudicated in each case must be examined.

Here, the complainants contend that, in twenty-seven specific instances, the co-executors' accounts are false, inaccurate, or constitute violations of fiduciary duties. The entries are for payments made, or supposedly made, to third parties and distributions of property that are allegedly inconsistent with the terms of the will.

In *Shepherd v. Lewis*, No. CH00-499, the court established an access easement that serves property owned by several of the parties.

In *Seal v. Godley*, No. CH00-781, the court determined that the two testamentary trusts created by the will failed by virtue of ademption. This was so because, prior to his death, the decedent had conveyed away the land that was to be the corpus of one of the trusts. Similarly, the second trust failed because it was created for the express purpose of covering the expenses connected with the first trust. See opinion letter dated March 13, 2001, and the final order of March 21, 2001, in No. CH00-781.

Next, the co-executors filed a warrant in detinue against one of the beneficiaries, Willard Harvey Shepherd, for return of a three-point hitch blade. *Shepherd v. Shepherd*, No. CL01-314. After the item was returned, the court entered an order on August 14, 2000, concluding the case.

Then came *Shepherd v. Shepherd*, No. CL01-516. In that case, two of the beneficiaries, William Harvey Shepherd and James A. Shepherd, filed a warrant in detinue against the co-executors, contending that the co-executors were laying claim to a number of items of property that belonged to them. After a two-day trial, the court made rulings regarding the various items in dispute and entered a detailed final order on July 19, 2002.

Based on this review of the cases, it does not appear that any of the twenty-seven accounting entries that form the basis of this suit to surcharge or falsify were the subject of any of the previous suits.

The doctrine of res judicata stands for the proposition that an issue that has been tried and finally adjudicated on the merits by a court of competent jurisdiction cannot be relitigated. The bar of res judicata precludes relitigation of the same cause, or any part of it, which was or could have been litigated between the same parties (and their privies). The four elements of the doctrine are: (1) identity of the remedy sought; (2) identity of the cause of action; (3) identity of the parties; and (4) identity of the "quality of persons" for or against whom the claim is made. *Smith v. Ware*, 244 Va. 374 (1992).

The sister doctrine of collateral estoppel applies to the parties and their privies, precluding them from relitigating any issue of fact actually litigated in, and essential to, the final judgment in the first case. *Horton v. Morrison*,

248 Va. 3404 (1994). The doctrine is restricted by the rule of mutuality; i.e., a party who invokes the doctrine would likewise be bound had the prior litigation of the issue reached the opposite result. See generally Friend, *Virginia Pleading and Practice* (1998) § 35-3(b); and Bryson, *Virginia Civil Procedure* (3d ed. 1997), pp. 478-79.

## Decision

The co-executors' demurrer, plea, and motion to dismiss are denied and overruled, the court finding no basis for the application of res judicata or collateral estoppel at this stage of the proceeding. Obviously, if, during the course of this litigation, it becomes apparent that this suit raises an issue of fact actually adjudicated in previous litigation between these parties, the bar of res judicata or collateral estoppel, as the case may be, will be imposed.

There is no merit in the plea of the statute of limitations unless it is proven that the complainants in this suit were parties to the proceedings before the commissioner of accounts. The bill alleges that the settlements of accounts were ex parte. Thus, the statute of limitations and the doctrine of laches do not bar the suit.