# CIRCUIT COURT OF THE CITY OF RICHMOND

Estate of Faustina Chiocca,
deceased, etc. et al.

v.

Nicholas A. Spinella et al.

May 3, 2012

Case No. CL10-2503

By Judge Melvin R. Hughes, Jr.

There was a hearing on January 30, 2012, when defendants brought on for argument their pleas of Statute of Limitations and Res Judicata/ Collateral Estoppel. Defendants filed the pleas based on a suit filed in the Circuit Court of Chesterfield County. In the Chesterfield proceeding, the court sustained the defendants' Plea in Bar on the Statute of Limitations and thereby prevented three claims from going forward; the claims arose from defendant law firm's representation of plaintiffs of a decedent's estate. That case, as here, had to do with the defendant law firm's representation of beneficiaries of Joseph M. Chiocca ("plaintiff-beneficiaries") suing as individuals concerning family land in Italy. During the January hearing in this court, plaintiffs, identified here as Estate of Faustina Chiocca, deceased, Estate Joseph M. Chiocca, deceased, and Estate of Evelyn H. Chiocca, deceased, and Stephen J. Chiocca, administrator ("the estate-plaintiffs"), sought and was granted leave to file responses to defendants' memorandum in support of the pleas. These have since been received and considered on the issues raised. Among the issues, the plea of res judicata based on a former judgment is determinative. Accordingly, there is no need to address the Statute of Limitations.

In the Chesterfield proceeding, plaintiff-beneficiaries first advanced two claims: breach of contract and fraud. In the Chesterfield case, the named plaintiffs were Stephen J. Chiocca, Janice Harllee, and Debra Defreitas, the alleged beneficiaries of Joseph Chiocca. The named defendants were Maryanne Hilliard Coghill, Bernard Clyde Hilliard, and Albert Roland Chiocca, and Nicholas A. Spinella and Greer P. Jackson, Jr., along with defendant law firm Spinella, Owings & Shaia, P.C., of which Spinella and

Jackson were members at the time of filing. Later, plaintiff-beneficiaries sought to amend to add a third claim of legal malpractice. The Chesterfield court rejected the request on the ground that the legal malpractice claim was out of time, barred by the applicable statute of limitations. In this proceeding, the estate-plaintiffs assert a claim of legal malpractice based on the same facts alleged in Chesterfield. Defendants, relying on res judicata, assert that the Chesterfield court's ruling forecloses these estate-plaintiffs' claim of legal malpractice here. The court agrees.

First, Rule 1:6, titled Res Judicata Claim Preclusion, applies to judgments entered in civil actions commenced after July 1, 2006. Rule 1:6 states in pertinent part that:

[a] party whose claim for relief arising from identified conduct, a transaction or occurrence, is decided on the merits by a final judgment, shall be forever barred from prosecuting any second or subsequent civil action against the same opposing party or parties on any on any claim or cause of action that arises from that same conduct, transaction, or occurrence, whether or not the legal theory or rights asserted in the second or subsequent action were raised in the prior lawsuit, and regardless of the legal elements or the evidence upon which any claims in the prior proceeding depended, or the particular remedies sought.

For the bar of res judicata to apply, four elements must concur: (1) identity of the remedies sought; (2) identity of the cause of action; (3) identity of the parties; and (4) identity of the quality of the persons for or against whom the claim is made. *Smith v. Ware*, 244 Va. 374, 376, 421 S.E.2d 444, 445 (1992) (quoting *Wright v. Castles*, 232 Va. 218, 222, 349 S.E.2d 125, 128 (1986)). The Chesterfield case and the case at bar match all these elements.

Even with the lineup of the parties named here as against those in the Chesterfield suit, the parties are identical for purposes of res judicata because the doctrine bars parties in a prior suit and their privies from relitigating a cause of action. *See Smith v. City of Norfolk*, 55 Va. Cir. 410 (City of Norfolk 2001). Where a party is "so identified in interest . . . that he represents the same legal right, precisely the same question, particular controversy or issue," then he is "in privity" for purposes of res judicata. *Commonwealth, ex rel. Gray v. Johnson*, 7 Va. App. 614, 618, 376 S.E.2d 787, 788 (1989).

The estate-plaintiffs rely upon *Davis v. Marshall Homes, Inc.*, 265 Va. 159, 576 S.E.2d 504 (2003), for the proposition that the breach of contract and fraud claims filed and dismissed in Chesterfield County Circuit Court and the legal malpractice claim here in Richmond do not meet the "same evidence" test and thus res judicata is inapplicable. The court disagrees.

*Marshall* was effectively "overturned" in 2006 by Rule 1:6. The rule essentially restores transactional analysis for res judicata determination. The case in Chesterfield was filed February 28, 2008, and refiled there on January 26, 2009. On January 19, 2010, the Chesterfield court entered its order holding that the causes of action for breach of contract and fraud were time-barred. As mentioned, the Chesterfield court also denied plaintiff-beneficiaries' request to amend to add a legal malpractice claim, stating that "the statute has run." (Defs. Ex. 5.)

The estate-plaintiffs contend that the Chesterfield court used "precatory statements" in its rulings, which should not be considered res judicata. However, the words used were more than "precatory" or wishful. The Chesterfield court heard extensive argument from the plaintiff-beneficiaries, which went on for forty pages in the transcript with counsel urging the legal malpractice claim as a third count before the court denied the motion to amend. The transcript shows the court's decision as both definitive and certain. Comparing the Chesterfield case to the one at bar, it is clear that both "[arise] from [the same conduct, transaction, or occurrence," with the Chesterfield proceeding ended finally upon a ruling adverse to plaintiff-beneficiaries on the issue of the statute of limitations.

Thus, the estate-plaintiffs' subsequent filing here in May 2010 alleging legal malpractice is barred by a prior judgment under the principles of res judicata pursuant to Rule 1:6.

Accordingly, defendants' motion is granted.